RICHARD NEILLY, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—87—3743

Opinion filed February 10, 1989.

Scott L. Mitzner & Associates, P.C., of Westmont, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff was denied unemployment benefits and the Board of Review dismissed his appeal for lack of jurisdiction. Plaintiff sought administrative review in the circuit court, which affirmed the dismissal, and then plaintiff appealed to this court. We address the issue of whether section 801 of the Unemployment Insurance Act (Ill. Rev. Stat. 1985, ch. 48, par. 471) requires that an appeal to the Board of Review must be filed within 30 days of the mailing of the referee's decision. For the following reasons, we affirm.

Plaintiff filed a claim for unemployment benefits under the Unemployment Insurance Act (Ill. Rev. Stat. 1985, ch. 48, par. 300 *et seq.*), and initially, a claims adjudicator found he was eligible to receive benefits. Plaintiff's former employer sought reconsideration of the decision from a referee who conducted a telephone hearing with the parties. The referee found plaintiff was not eligible to receive benefits because he voluntarily left his employment without good cause. (See Ill. Rev. Stat. 1985, ch. 48, par. 431.) The referee's decision denying benefits was mailed to plaintiff on May 2, 1986. Included with the decision was a document entitled "Right of Further Appeal," which stated, "This decision will become final, unless WRITTEN NOTICE of appeal from the decision is filed within thirty (30) days from the

date of mailing as shown on the decision."

Plaintiff prepared a written notice of appeal to the Board of Review which was dated June 2, 1986. The Board of Review received the notice on June 6; however, it considered the notice filed on June 5, the date it was postmarked. Subsequently, the Board of Review issued its decision finding that the last day for filing the appeal was June 2 and that plaintiff did not file his appeal until June 5, more than 30 days after the referee's decision was mailed. As a result, the referee's decision became final and was no longer subject to appeal. (See Ill. Rev. Stat. 1985, ch. 48, par. 471.) The Board dismissed plaintiff's appeal for lack of jurisdiction.

Plaintiff filed a complaint in circuit court seeking administrative review of the Board of Review's decision. The circuit court affirmed, and plaintiff filed a timely notice of appeal to this court.

OPINION

At issue is whether section 801 of the Unemployment Insurance Act (Ill. Rev. Stat. 1985, ch. 48, par. 471) requires a party to file a notice of appeal with the Board of Review within 30 days of the referee's decision. The issue is one of statutory construction, which is a question of law. (*Zbiegien v. Department of Labor* (1987), 156 Ill. App. 3d 395, 510 N.E.2d 422.) We must exercise independent review of the agency's conclusion of law, and if the agency's decision is based on the erroneous construction of a statute, the decision will not stand. *Flex v. Department of Labor* (1984), 125 Ill. App. 3d 1021, 466 N.E.2d 1050.

Section 801 states in relevant part:

"The decision of the Referee shall be final, unless, within 30 calendar days after the date of mailing of such decision, further appeal to the Board of Review is *initiated* pursuant to Section 803." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 48, par. 471.)

In the present case, the referee's decision was mailed on May 2, 1986, and because the 30th day was a Sunday, plaintiff had until June 2 to initiate an appeal.

Plaintiff contends he initiated an appeal within the 30-day period because the notice was prepared and dated June 2. Plaintiff, however, cannot cite authority to support his argument that to initiate an appeal requires only preparing and dating a notice of appeal.

From our research, we have been unable to find an Illinois case that has directly construed the term "initiate" as used in section 801. However, similar circumstances were presented in *Huggins v. Board of Review* (1973), 10 Ill. App. 3d 140, 294 N.E.2d 32, where

plaintiff filed a notice of appeal to the Board of Review after the statutory time for appeal expired. The court found the failure to file an appeal within the time period set forth in section 801 was fatal to the Board of Review's jurisdiction. Although the court did not construe the term "initiate" as used in the section, the court equated the term with filing.

If we were to adopt plaintiff's reasoning that to initiate an appeal requires only preparing and dating a notice of appeal, ridiculous results would follow. A party could prepare a notice of appeal within the 30-day period and then not mail it for a week, a month, or a year after the expiration of the 30-day period. There would be an indefinite period of time that the referee's decision would not be final. It is axiomatic that the decision of the referee requires finality at some specific point in time. Accordingly, the Board's construction of section 801 was not erroneous.

■ Plaintiff also argues he was entitled to an evidentiary hearing as to whether he timely filed an appeal with the Board of Review, relying on *Angelo v. Board of Review* (1978), 58 Ill. App. 3d 50, 373 N.E.2d 858. *Angelo* involved two plaintiffs, the first of which claimed she filed a late notice of appeal because she did not receive notice of the claims adjudicator's decision until the last day for filing an appeal. The court found that due process required that a claimant must be given a reasonable time after receipt of the decision to file an appeal. The case was remanded for an evidentiary hearing to determine whether plaintiff's claims were true. The second plaintiff in *Angelo* claimed she filed an appeal; however, the Board of Review did not have a record of it and contended she did not file an appeal. The Board never ruled on her attempted appeal. The court found that in that situation, plaintiff was entitled to an evidentiary hearing as to whether she timely filed a notice of appeal.

The situations presented in *Angelo* are distinguishable from the case at bar. In *Angelo,* both plaintiffs presented unresolved questions of fact which the court found required due process hearings. Here, the factual issues are resolved: the referee's decision was dated May 2, 1986, plaintiff prepared his notice of appeal on June 2, and it was postmarked and filed on June 5. On appeal, plaintiff only raises a question of law as to the construction of the term "initiate" as used in section 801. Accordingly, we do not believe plaintiff is entitled to an evidentiary hearing as allowed in *Angelo.*

■ On appeal, plaintiff also argued that he was prevented from exhausting his administrative remedies and that section 801 is void for vagueness. These arguments were not raised before the adminis-

trative agency, and therefore, they cannot be raised for the first time on judicial review. (See *Rackow v. Human Rights Comm'n* (1987), 152 Ill. App. 3d 1046, 504 N.E.2d 1344.) While the waiver rule is not absolute, plaintiff's arguments are without merit and do not warrant relaxation of the waiver rule.

For the foregoing reasons, we affirm the decision of the circuit court.

Judgment affirmed.

PINCHAM and COCCIA, JJ., concur.