DEANNA SWOPE, Plaintiff-Appellant, v. NORTHERN ILLINOIS GAS COMPANY, Defendant (The Department of Transportation, Defendant-Appellee).

Third District   No. 3—91—0232

Opinion filed October 31, 1991.

Louis E. Olivero & Associates, of Peru (Louis E. Olivero, of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield (Alison E. O'Hara, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The plaintiff, Deanna Swope, was severely injured when the pickup truck in which she was riding swerved to miss a deer and left Illinois Route 251. The truck went into the adjacent ditch, struck an embankment and flipped upside down. The embankment was constructed by Northern Illinois Gas Co. as part of a driveway which intersected the road.

Plaintiff filed suit against Northern Illinois Gas, alleging negligent construction of the embankment and driveway. Swope also named the Illinois Department of Transportation (IDOT), alleging negligence in the design, construction and maintenance of the road and adjacent areas.

Northern Illinois Gas answered the complaint and is not a party to this appeal.

IDOT moved to dismiss based upon the circuit court's lack of jurisdiction under the doctrine of sovereign immunity. (Ill. Rev. Stat. 1989, ch. 127, par. 801.) The court found that it did indeed lack jurisdiction over plaintiff's claim against IDOT and transferred venue to the Court of Claims.

Swope's first contention on appeal is that by purchasing liability insurance, IDOT waived sovereign immunity so as to be amenable to suit in the circuit court.

The Illinois Constitution of 1970 abolished sovereign immunity, subject to exceptions made by the General Assembly. (Ill. Const. 1970, art. XIII, §4.) The General Assembly enacted the Court of Claims Act, which holds that exclusive jurisdiction over claims against the State lies with the Court of Claims. (Ill. Rev. Stat. 1989, ch. 37, par. 439.1.) A suit against a department or agency of the State is considered to be a suit against the State for immunity purposes. *Gordon v. Department of Transportation* (1982), 109 Ill. App. 3d 1071, 441 N.E.2d 904.

█ It is true that when a local public entity buys commercial insurance, it waives immunity from suit. (Ill. Rev. Stat. 1989, ch. 85, par. 9—103.) Plaintiff argues that there is "no legal or logical reason" why the State should be treated differently. However, the legislature in the Local Governmental and Governmental Tort Immunity Act, on which the plaintiff relies, defines "local public entity" so as to specifically exclude the State and its agencies. Ill. Rev. Stat. 1989, ch. 85, par. 1—206.

This action is a tort case against a State agency and the question of insurance as it is related to the question of immunity is not relevant. The Court of Claims has exclusive jurisdiction.

■ Swope also contends that the $100,000 limit on recovery applicable in the Court of Claims violates due process. This issue has been addressed numerous times and the courts have consistently held that the limit is constitutional. See, *e.g, Seifert v. Standard Paving Co.* (1976), 64 Ill. 2d 109, 355 N.E.2d 537.

IDOT claims, for the first time on appeal, that because the circuit court lacked jurisdiction, it had no power to transfer venue, only to dismiss. The plaintiff contends that since no cross-appeal was filed, the issue is waived.

■ The circuit court, under the Court of Claims Act, obviously lacked subject-matter jurisdiction over the action against IDOT. The lack of subject-matter jurisdiction cannot be waived since the parties cannot create subject-matter jurisdiction by consent, acquiescence, waiver or estoppel. *(Board of Education v. Box* (1989), 191 Ill. App. 3d 31, 547 N.E.2d 627.) It can even be raised by the court *sua sponte* when necessary. *(Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 403 N.E.2d 704.) Therefore, despite the defendant's failure to file a notice of cross-appeal, this issue is properly before the court.

When a trial court lacks subject-matter jurisdiction, the only thing it has the power to do is dismiss the action. *(Cahoon v. Alton Packaging Corp.* (1986), 148 Ill. App. 3d 480, 499 N.E.2d 522; *In re Marriage of Passiales* (1986), 144 Ill. App. 3d 629, 494 N.E.2d 541.) Any order entered without subject-matter jurisdiction is void. *(Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237.) Therefore, the circuit court was without jurisdiction to order a transfer of venue.

Accordingly, we affirm the circuit court's finding that it lacked jurisdiction and vacate the order transferring venue.

Affirmed in part and vacated in part.

STOUDER, P.J., and McCUSKEY, J., concur.