AUTOMATED PROFESSIONAL TAX SERVICES, INC., Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants.

Third District   No. 3—92—0718

Opinion filed April 29, 1993.—Rehearing denied May 24, 1993.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellants.

Frank A. Ward II, of Galesburg, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Julie Cook (Cook) worked for the plaintiff, Automated Professional Tax Services, Inc. (Automated), for more than one year before she was fired. After her dismissal, she filed for unemployment compensation benefits with the defendant Department of Employment Security (Department). The Department approved her claim and Automated appealed. The referee found for Cook. Forty-six days later, Automated wrote a letter to the Department requesting a "reevaluation" of the claim. The Department considered the request an appeal of the referee's decision and dismissed it as not timely filed within 30 days. Automated prevailed on an appeal to the circuit court and defendants appealed to this court. The central issue in this case is whether the circuit court had subject matter jurisdiction. We find that it did not and reverse.

Automated employed Julie Cook as a secretary from late April 1990, until her discharge on July 14, 1991. She then filed a claim for unemployment compensation benefits with the Department, and a claims adjudicator found her eligible. Automated appealed that decision seeking an administrative hearing before a referee.

The hearing was held on September 26, 1992. Automated's vice-president, Frank Ward, testified that Cook was discharged for several reasons. First, Automated had agreed to guarantee a loan for Cook to purchase a car, as long as her husband, who did not have a valid driver's license, would not drive the car. Ward learned that her husband had driven the car. Ward also testified that Cook had not managed the computer records properly, made certain false statements of sexual involvement with Automated's president, and falsely alleged sexual harassment against her by an attorney whose office is in the same building as Automated.

John Clay, the president of Automated, generally supported Ward's testimony. When asked by the referee if Cook was dis-

charged for theft, he responded "that she did steal, that is true, but that was not the reason for discharge."

Letha Reynolds, a secretary for Automated, testified that Cook said she wanted to "go to bed" with Mr. Clay. She also testified that Cook complained about the alleged sexual harassment by the attorney.

Cook then testified and denied the allegations against her. She said that she had never been given any reason for her discharge.

The referee issued his decision on September 27, 1991, affirming the claims adjudicator's determination that Cook qualified for benefits. He found insufficient evidence of misconduct and further found that she was not discharged for theft.

Automated did not appeal the referee's decision, but on November 12, 1991, it sent a letter to the local Department office asking for a "reevaluation" of the decision of the referee.

In the interim, Automated had filed a small claims action against Cook and subsequently obtained judgment for $425.57. It was on the basis of this money judgment that the letter requesting a reevaluation was sent.

The Department construed the letter to be an appeal of the referee's decision. The Board dismissed the appeal, finding it had no jurisdiction to decide the matter because Automated did not file its appeal within 30 days.

Automated filed a complaint for administrative review in the circuit court of Knox County. The circuit court directed the parties to submit written briefs. Although Automated filed a brief, the defendants did not. The court then entered an order which reversed the decision of the Board of Review (Board), finding that the Board should have treated Automated's letter as a request for reconsideration. The court then denied benefits to Cook and, further, ordered the Board to recoup benefits paid to Cook and to restore Automated's previous unemployment insurance tax rate. The State defendants appealed and Cook later joined in the appeal.

Our first inquiry is whether the Board had jurisdiction to review Automated's request for reevaluation. The Unemployment Insurance Act (Act) (820 ILCS 405/100 et seq. (West 1992)) delineates the parameters of the administrative procedures that must be followed by both claimants and employers. After a claim is filed, a claims adjudicator makes an initial "finding," and if the claim is found valid, "promptly notif[ies] the claimant" and the most recent employing unit. (820 ILCS 405/701 (West 1992).) If the employer objects to the finding, it can file allegations that the claimant is ineligible. The

claims adjudicator then makes a "determination" of eligibility after considering the objections. (820 ILCS 405/702 (West 1992).) The claims adjudicator can reconsider a determination for up to a year after the last day of the week for which the determination was made. Unless a case has been remanded to the claims adjudicator by a referee, the Director or the Board of Review, no case can be reconsidered at any time after an appeal has been taken. 820 ILCS 405/703 (West 1992).

A finding or determination can be appealed to a referee within 30 days. (820 ILCS 405/800 (West 1992).) The referee holds a hearing and issues a decision. That decision is final unless, within 30 days, an appeal is taken to the Board of Review. 820 ILCS 405/801 (West 1992).

██ Under the Act, the time for filing an appeal from the referee's decision is strictly jurisdictional. (*Huggins v. Board of Review, Department of Labor* (1973), 10 Ill. App. 3d 140, 143, 294 N.E.2d 32, 34; *Neilly v. Department of Employment Security* (1989), 180 Ill. App. 3d 138, 141, 535 N.E.2d 11.) Except for a timely appeal, no other avenues exist for an aggrieved party.

> "It is our considered opinion that the requirements of the Illinois statute are clear and unambiguous; hence unavoidably mandatory. The decision of the Deputy or of the Referee, as the case may be, becomes final if appeal is not timely filed within the plain language of the statute. There is no provision in this statute for late filing of notice of appeal. [Citation.] The timely filing of the notice of appeal is thus jurisdictional." *Huggins*, 10 Ill. App. 3d at 143.

██ Automated admits its request for "reevaluation" was not timely as an appeal, but argues that it should have been interpreted as a request for reconsideration under section 703 of the Act. Since the claims adjudicator has a year to reconsider a determination, Automated believes the Department should have acted on his request. However, the language of section 703 specifically and unambiguously states that, "No finding or determination shall be reconsidered at any time after appeal therefrom has been taken pursuant to the provisions of Section 800, except where a case has been remanded to the claims adjudicator by a Referee ***." (820 ILCS 405/703 (West 1992).) Because Automated appealed the claims adjudicator's determination, the claims adjudicator lost any jurisdiction over the claim. He had no power to reconsider once the appeal to the referee was taken. "If the language [of a statute] is clear, the

court must give it effect ***." *Weingart v. Department of Labor* (1988), 122 Ill. 2d 1, 7, 521 N.E.2d 913.

The Board of Review correctly decided that it had no jurisdiction to hear Automated's request for reevaluation. It properly construed that request as an appeal and had no choice but to dismiss the appeal as not timely filed.

Automated argues that because the State defendants did not file their written brief in the trial court, they "lost their right to present any arguments and authorities in the appellate court." In fact, the general rule is that in order to preserve an issue on appeal, it must first be raised in the trial court. "It is fundamental that a party may not urge for the first time on appeal, and for the purposes of overturning the decision below, an argument or theory, which was not presented to the trial court." *First National Bank & Trust Co. v. City of Rockford* (1977), 47 Ill. App. 3d 131, 137, 361 N.E.2d 832.

■ Nevertheless, Automated's contention must fail. The issue argued by the Department is one of subject matter jurisdiction. The issue of whether a court has subject matter jurisdiction can be raised at any time, including on appeal. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 215, 486 N.E.2d 593; *Swope v. Northern Illinois Gas Co.* (1991), 221 Ill. App. 3d 241, 243, 581 N.E.2d 819.) Indeed, the court *must* act if lack of jurisdiction is brought to its attention or appears on the record. *Liberty National Bank v. Vance* (1954), 3 Ill. App. 2d 1, 8, 120 N.E.2d 349.

■ In light of our decision in this case, we need not address the other issues presented by the Department in its appeal or the motions filed by Automated. We do note in passing, however, that the circuit court decided the issues before it on the merits. The court found Cook ineligible for benefits, ordered the Department to recoup the money already paid to her and restore Automated's previous tax rate. Section 3—102 of the Administrative Review Law (735 ILCS 5/3—102 (West 1992)) carefully defines the jurisdiction of the courts in administrative appeals. When the Board dismissed Automated's appeal on the grounds that it had no jurisdiction, its decision became final. The court's power to review was then limited solely to the issue of whether the agency had jurisdiction. (735 ILCS 5/3—102 (West 1992); *Rosecky v. Department of Public Aid* (1987), 157 Ill. App. 3d 608, 615, 511 N.E.2d 167.) Under the Administrative Review Law, the court can only consider the correctness of the agency's jurisdictional ruling. (*Rosecky,* 157 Ill. App. 3d

at 614.) The trial court in this case exceeded its authority by granting substantive relief to Automated. If the court felt it had subject matter jurisdiction, it could only have remanded to the Board to examine the substantive issues.

Accordingly, the decision of the Board of Review dismissing Automated's appeal is affirmed and the judgment order of the trial court is reversed.

Reversed.

BRESLIN and STOUDER, JJ., concur.