DONALD CHRISTIANSEN, Plaintiff-Appellee, v. HAROLD MASSE, Defendant-Appellant.

First District (1st Division)   No. 1—93—4060

Opinion filed April 8, 1996.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Barbara E. Pitts, Assistant Attorney General, of counsel), for appellant.

John J. Henely, Ltd., of Chicago (John J. Henely, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:
Following a jury trial, plaintiff, Donald Christiansen, was

awarded $42,000 for injuries he sustained as he entered an Illinois State Police squad car after being arrested and handcuffed by defendant, Trooper Harold Masse. Defendant makes three arguments on appeal: (1) the circuit court lacked subject matter jurisdiction; (2) defendant was entitled to public official's immunity; and (3) the jury award was improper.

## BACKGROUND

On January 28, 1988, defendant was on patrol, driving eastbound on Illinois Highway 90 in a marked squad car, when he observed an automobile, driven by plaintiff, traveling east with an inoperative taillight. He activated the light bar on the top of his squad car and pulled the automobile over to the shoulder of the highway. Defendant approached plaintiff and requested to see his driver's license, but plaintiff did not have it with him. Defendant went back to the squad car and ran a check using plaintiff's name, address, and date of birth.

The check revealed that the Village of Buffalo Grove police department had obtained a warrant for plaintiff's arrest. "Alert tones" went out over the police radio channels, which indicated that there was an outstanding warrant on either the person or vehicle that had been stopped. Defendant confirmed his belief that plaintiff was the subject of the warrant and informed the radio dispatcher that he would be out of the squad car.

Defendant walked to plaintiff's car and informed plaintiff that he was under arrest. He asked plaintiff to step out of his car and put his hands behind his back. Defendant handcuffed and searched plaintiff. About the time defendant arrested plaintiff, Trooper John Welcome arrived, and defendant spoke with him briefly. Defendant told plaintiff he would take him to a squad room for processing. Defendant walked plaintiff to the passenger side of the squad car and opened the front passenger door. As plaintiff started to get into the car he felt a pain in his leg. Defendant helped plaintiff out of the car and told him to wait until defendant could give him the proper instructions on entering the car while handcuffed. According to plaintiff, he was never given such instructions.

On plaintiff's second attempt to enter the car, defendant placed his hand on plaintiff's head in order to guide him into the squad car and to protect his head from hitting the roof of the car. According to plaintiff, defendant pushed him into the car, and, although he was able to get into the car this time, he had a cramp in his left leg. After complaining about the pain to defendant and Trooper Welcome, plaintiff was helped out of the car.

Defendant considered transporting plaintiff in the back seat, but decided he would not fit. He did not consider putting plaintiff in the back seat initially because it is against the Illinois State Police policy to transport an arrestee in the back seat. Instead, plaintiff was re-handcuffed with his arms in front of him. Although the policy of the Illinois State Police was to handcuff an arrestee behind the back, troopers had the discretion to handcuff in the front if a reason existed such as obesity or physical impairment.

On the third attempt, plaintiff was able to enter the squad car without incident. Defendant testified that he assisted plaintiff into the car by placing his hand on plaintiff's head. Defendant buckled plaintiff into the seat and transported him to the squad room located three miles away, where plaintiff waited for a police officer of the Village of Buffalo Grove.

After his arrest plaintiff suffered from a herniated disc in his spine and underwent surgery on April 5, 1988. Dr. Douglas Anderson testified that plaintiff's injuries were consistent with the pain he complained of at the time of his arrest.

Plaintiff filed a three-count complaint against defendant and "an unknown state trooper" in the circuit court of Cook County on June 1, 1988. Count I asserted a claim for common law battery, and count II asserted a claim for negligence. Count III asserted a federal civil rights claim under 42 U.S.C. §§ 1983, 1985 (1988), which was voluntarily dismissed with prejudice prior to trial.

After two default judgments were entered and vacated, defendant finally filed an answer on February 22, 1990. The court ordered the case dismissed for want of prosecution on April 2, 1990, and then vacated that order on April 18, 1990. On September 15, 1993, defendant filed an amended answer, which raised the affirmative defense that subject matter jurisdiction to hear the negligence count rested exclusively in the Illinois Court of Claims. On September 24, 1993, the court dismissed the jurisdictional defense, finding that defendant had waived the defense by waiting over five years, until the first day of trial, to raise it.

Also on September 24, plaintiff filed an amended complaint which contained only a claim of negligence. Although there is no order granting leave to file an amended complaint, it is clear that negligence was the only theory of recovery presented at trial.

On September 27, 1993, the jury found for plaintiff and awarded him $42,000, plus medical expenses. The jury reached this number by finding the total amount of damages to be $75,000, and plaintiff to be 44% negligent for his injuries. Judgment was entered on the verdict for the amount of $42,000.

Defendant filed a post-trial motion in which he argued that the verdict should be vacated because the circuit court lacked jurisdiction. After a hearing, the court denied the motion, stating:

> "With regard to the subject matter jurisdiction argument, personally I am offended when a party proceeds in a lawsuit for five years apparently in good faith through discovery, through motions, and then on the day of trial tells the Court it does not have subject matter jurisdiction of the lawsuit and for that reason the lawsuit should be dismissed allowing the other side to rely through its detriment throughout all of the proceedings up to the day of trial when they made that argument.
>
> My feeling is if it is to be made, it should be made at the time that service is had upon the Defendant in the lawsuit ***. I disagreed with Judge Bolandic [sic] in his decision in Curry versus Low [sic] as it applies to this particular case as to the action of the State of proceeding for five years before raising the issue before the Court on the day of trial."

This appeal followed.

## DISCUSSION

### I. WAIVER

■ Contrary to the circuit court's understanding of subject matter jurisdiction, it cannot be waived. *Currie v. Lao*, 148 Ill. 2d 151, 157, 592 N.E.2d 977, 979 (1992); *Swope v. Northern Illinois Gas Co.*, 221 Ill. App. 3d 241, 243, 581 N.E.2d 819, 821 (1991). It has been repeatedly held that the Court of Claims has exclusive jurisdiction over claims against the State of Illinois and the circuit court does not have jurisdiction to hear such claims. *Currie*, 148 Ill. 2d at 158, 592 N.E.2d at 980; *Swope*, 221 Ill. App. 3d at 242, 581 N.E.2d at 821. Likewise, the Seventh Circuit has held that federal courts also lack jurisdiction to hear claims against the State of Illinois because exclusive jurisdiction rests in the Court of Claims. *Benning v. Board of Regents of Regency Universities*, 928 F.2d 775, 778 (7th Cir. 1991).

In *Currie*, the defendant did not argue that the circuit court lacked jurisdiction to hear plaintiff's claim until after judgment had been entered on the jury verdict and the case was before the appellate court. Although the Illinois Supreme Court ultimately held that the circuit court had jurisdiction to hear the case, the court stated: "We note that, although Lao did not raise the defense of sovereign immunity in the trial court, no waiver was effected because the issue of subject-matter jurisdiction cannot be waived." *Currie*, 148 Ill. 2d at 157, 592 N.E.2d at 979. The court then went on to consider the jurisdictional issue.

The circuit court's comments in this case are troubling. Rulings handed down by the supreme court are binding authority for all other Illinois state courts. While the circuit court may disagree with the *Currie* decision, it is nevertheless bound to apply the law to the cases before it. Because defendant could not waive the issue of subject matter jurisdiction in the circuit court, we address the doctrine of sovereign immunity here.

## II. SOVEREIGN IMMUNITY

■ Article XIII, section 4, of the Illinois Constitution states, "[e]xcept as the General Assembly may provide by law, sovereign immunity in this State is abolished." Ill. Const. 1970, art. XIII, § 4. The legislature, acting pursuant to this provision, enacted the State Lawsuit Immunity Act (745 ILCS 5/1 (West 1992)), which provides, in pertinent part, that the state of Illinois shall not be made a defendant or party in any court except as provided in the Court of Claims Act (705 ILCS 505/1 *et seq.* (West 1992)). The Court of Claims Act establishes a Court of Claims, which has exclusive jurisdiction to hear and determine, *inter alia,* "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit." 705 ILCS 505/ 8(d) (West 1992).

The determination of whether an action is in fact against the State depends not upon the formal designation of the parties, but rather on the issues involved and the relief sought. *Currie,* 148 Ill. 2d at 158, 592 N.E.2d at 980; *Healy v. Vaupel,* 133 Ill. 2d 295, 308, 549 N.E.2d 1240, 1247 (1990); *Kilcoyne v. Paelmo,* 204 Ill. App. 3d 139, 142-43, 562 N.E.2d 231, 233 (1990). "Thus, the prohibition 'against making the State of Illinois a party to a suit cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested.' " *Healy,* 133 Ill. 2d at 308, 549 N.E.2d at 1247, quoting *Sass v. Kramer,* 72 Ill. 2d 485, 491, 381 N.E.2d 975, 977 (1978).

■ An action brought against an employee of the State is deemed a claim against the State and must be brought in the Court of Claims where: (1) there are no allegations that the employee acted beyond the scope of his authority; (2) the duty alleged to have been breached was not owed to the public generally, independent of state employment; and (3) the complained-of actions involve matters ordinarily within that employee's normal and official functions. *People ex rel. Department of Transportation v. Cook Development Co.,* 274 Ill. App. 3d 175, 182-83, 653 N.E.2d 843, 849 (1995).

A claim will be found to be against the State where a judgment for the plaintiff could operate to subject the State to liability or control the actions of the State. *Currie*, 148 Ill. 2d at 158, 592 N.E.2d at 980. However, "[a] State employee is not immunized by sovereign immunity for his own acts of negligence merely because he was acting within the scope of his employment." *Currie*, 148 Ill. 2d at 158, 592 N.E.2d at 980. After analyzing the different approaches to determining whether an employee's on-the-job negligence is immunized, the supreme court stated:

"[W]e conclude that the proper inquiry is to analyze the source of the duty the employee is charged with breaching in committing the allegedly negligent act. Where the charged act of negligence arose out of the State employee's breach of a duty that is imposed on him *solely* by virtue of his State employment, sovereign immunity will bar maintenance of the action in circuit court. [Citations.] Conversely, where the employee is charged with breaching a duty imposed on him *independently* of his State employment, sovereign immunity will not attach and a negligence claim may be maintained against him in circuit court. [Citations.] In other words, where an employee of the State, although acting within the scope of his employment, is charged with breaching a duty that arose independently of his State employment, a suit against him will not be shielded by sovereign immunity." (Emphasis in original.) *Currie*, 148 Ill. 2d at 159, 592 N.E.2d at 980.

In *Currie*, a state trooper crashed into the plaintiff's car while he was in route to a reported disturbance in Joliet, Illinois. The supreme court held that immunity was inapplicable because the state trooper was being charged with breaching a duty that arose from the ordinary operation of a vehicle on the public roadway, not from his employment as a state trooper. *Currie*, 148 Ill. 2d at 161-62, 592 N.E.2d at 981. However, the court did acknowledge that "in some circumstances, a State employee's manner of operating a vehicle may be so unique to his employment," such as during a high-speed chase, "that a lawsuit aimed at his negligent driving could operate to control the actions and policies of the State." *Currie*, 148 Ill. 2d at 160, 592 N.E.2d at 981, citing *Campbell v. White*, 207 Ill. App. 3d 541, 566 N.E.2d 47 (1991).

In *Healy*, a student at Northern Illinois University was injured while she was participating in university-sponsored gymnastics activities. She brought suit against two athletic directors, a gymnastics coach, and a team trainer employed by the university. The defendants moved to dismiss the complaint on the basis that sovereign immunity applied and the suit belonged in the Court of Claims. The supreme court held that the plaintiff's claim was one against the State because

the plaintiff charged the defendants with negligence in the discharge of their official employment duties and did not claim that they acted in excess of those duties or in violation of law. *Healy*, 133 Ill. 2d at 311, 549 N.E.2d at 1248. The court further stated:

> "The relationship between the plaintiff and the defendants would not have had a source outside the employment status of the defendant. Whatever duty was owed by the defendants to the plaintiff existed because of the plaintiff's status as a student and her participation in the university-sponsored activities." *Healy*, 133 Ill. 2d at 313, 549 N.E.2d at 1249.

In the present case, the duties defendant is charged with breaching arose solely by virtue of his state employment as a state trooper. Plaintiff's first-amended complaint alleged that from the time defendant pulled plaintiff over to the time he transported him to the squad room, "defendant was acting within the scope of his employment as agent and servant of the STATE OF ILLINOIS, and was transporting Plaintiff on behalf of the Village of Buffalo Grove, who had issued a traffic warrant for Plaintiff." The complaint goes on to list four acts or omissions of which defendant was allegedly guilty:

> "a. Failed to exercise ordinary care under all the circumstances in the handling and transportation of Plaintiff while in his custody;
>
> b. Failed to instruct plaintiff how to properly enter squad car with him [*sic*] hands handcuffed behind him;
>
> c. Negligently pushed or forced Plaintiff into the front seat of the squad car;
>
> d. Failed to provided [*sic*] proper assistance to Plaintiff in entering the squad car with his hands handcuffed behind him."

These allegations involve the duties defendant owed to plaintiff while plaintiff was in the custody of defendant. The relationship between defendant and plaintiff was that of arresting officer and arrestee. Therefore, defendant's negligently performed functions were uniquely related to his status as a state trooper.

Plaintiff's argument that the duties defendant owed to plaintiff were no different than those owed by all drivers who are transporting another is without merit. If plaintiff had not been put under arrest and handcuffed by defendant, defendant would not have had any alleged duty to instruct and assist plaintiff regarding the entry of a squad car while handcuffed. Defendant had the authority to arrest and handcuff plaintiff by virtue of his employment as a state trooper.

Furthermore, plaintiff has not alleged that defendant exceeded his duties or acted contrary to law. Plaintiff's amended complaint sounds only in negligence. Finally, plaintiff's statement that "it has been repeatedly held in Illinois that a police officer who is transport-

ing a prisoner is *not* enforcing or executing any law, so as to qualify for immunity" is misleading. (Emphasis added.) The cases cited by plaintiff involve a specific section of the *local* governmental immunity statute which is not in any remote way applicable to the state sovereign immunity issue in this case.

For all of these reasons, we find plaintiff's action was one against the State. Thus, the circuit court lacked jurisdiction in this case, and we need not address defendant's remaining arguments.

Accordingly, the judgment of the circuit court of Cook County is reversed and vacated.

Reversed and vacated.

CAMPBELL, P.J., and BRADEN, J., concur.