# Illinois Official Reports

## Appellate Court

---

### *Village of Bolingbrook v. Illinois-American Water Co.*,
### 2019 IL App (3d) 170478

---

| | |
|---|---|
| Appellate Court Caption | THE VILLAGE OF BOLINGBROOK, an Illinois Municipal Corporation, Plaintiff-Appellee, v. ILLINOIS-AMERICAN WATER COMPANY, an Illinois Corporation, and AMERICAN LAKE WATER COMPANY, an Illinois Corporation, Defendants-Appellants. |
| District & No. | Third District<br>No. 3-17-0478 |
| Filed | November 13, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-CH-6838; the Hon. Raymond E. Rossi, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Mark P. Rotatori, Mark W. DeMonte, Nicole C. Henning, and Elizabeth E. Manning, of Jones Day, of Chicago, for appellants.<br><br>Kenneth M. Florey and M. Neal Smith, of Robbins Schwartz Nicholas Lifton & Taylor, Ltd., of Bolingbrook, for appellee. |

JUSTICE CARTER delivered the judgment of the court, with opinion.
Justice Holdridge concurred in the judgment and opinion.
Presiding Justice Schmidt dissented, with opinion.


**OPINION**

¶ 1        The plaintiff, the Village of Bolingbrook (Village), filed a breach of contract claim against the defendants, Illinois-American Water Company and American Lake Water Company. Following an appeal to this court, in which this court held the circuit court of Will County did not have subject-matter jurisdiction and vacated the circuit court's rulings (*Village of Bolingbrook v. Illinois-American Water Co.*, 2016 IL App (3d) 150425-U), the plaintiff filed a motion to voluntarily dismiss its claim pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2016)). The trial court granted the plaintiff's motion. Defendants appeal, arguing the trial court did not have the authority or jurisdiction to enter an order granting the voluntary dismissal.

¶ 2                                            FACTS

¶ 3        On November 2, 2010, the Village filed a breach of contract claim against defendants in the circuit court of Will County. Defendants moved to dismiss the complaint, arguing the complaint was insufficient to state a claim and that the Illinois Commerce Commission (ICC) had exclusive jurisdiction over the Village's claim so that the trial court lacked subject-matter jurisdiction. On April 5, 2011, the trial court denied defendants' motion to dismiss. The parties filed motions for summary judgment, with defendants again arguing the ICC had exclusive jurisdiction over the Village's claim. On January 7, 2015, the trial court granted summary judgment in favor of the Village in part, finding defendants were in breach of the parties' water delivery contract from 2004 through 2008. On February 5, 2015, defendants motioned the trial court to reconsider its ruling, again arguing, among other things, that the ICC had exclusive jurisdiction and the trial court had no authority to enter the order granting partial summary judgment in favor of the Village. On May 7, 2015, the trial court entered a written order indicating that defendants' motion to reconsider was "granted in part and denied in part for the reasons stated in open court on May 7, 2015 (at 10:00) with a written order to follow." The trial court denied the motion to reconsider in regard to its finding of a breach of contract but found that the amount of the Village's damages should be determined by the ICC. On May 19, 2015, the trial court entered a four-page written "ruling on motion to reconsider," indicating its finding that the trial court had jurisdiction to decide the issue of whether a breach of contract had occurred was to stand but the issue of damages should be presented by the parties to the ICC.

¶ 4        The Village appealed to this court, arguing that the trial court erred in ruling that its damages should be adjudicated before the ICC. Defendants also appealed to this court, arguing the trial court did not have subject-matter jurisdiction to hear the claim because the ICC had exclusive jurisdiction over the entirety of the claim. Specifically, defendants indicated on the notice of appeal that they were appealing from the order entered on May 19, 2015, and "all prior opinions, orders, and rulings subsumed therein, including those addressing jurisdiction." The defendants also stated in the notice of appeal that they were requesting a reversal, or partial

reversal, of the trial court's January 7, February 5, and May 19, 2015, rulings. This court found that the trial court did not have jurisdiction over the Village's claim because the ICC had exclusive jurisdiction, held the trial court's rulings were void, vacated the trial court's rulings, and determined that this court was "left without jurisdiction and [could] only dismiss the appeal." *Bolingbrook*, 2016 IL App (3d) 150425-U, ¶¶ 2, 13, 19-20. This court's order was filed on June 2, 2016, and the mandate was issued on November 8, 2016.

¶ 5         On May 30, 2017, the Village filed its claim against defendants with the ICC. Defendants filed a motion to dismiss that claim, arguing it was time-barred by the statute of limitations.

¶ 6         On June 26, 2017, in the circuit court, the Village filed a "motion to voluntarily dismiss, without prejudice" pursuant to section 2-1009 of the Code. In the motion, the Village indicated it was seeking the dismissal without prejudice "so as to proceed with its case before the Illinois Commerce Commission" and agreed to pay defendants' court costs. In response, defendants opposed the Village's motion to voluntarily dismiss, arguing there was no case to dismiss because this court had involuntary dismissed the complaint on appeal and because the trial court lacked jurisdiction to enter the order because it did not have subject-matter jurisdiction over the claim. The trial court granted the Village's motion to voluntarily dismiss the complaint pursuant to section 2-1009 of the Code.

¶ 7         Defendants appealed.

¶ 8                                                ANALYSIS

¶ 9         On appeal in this case, defendants argue that (1) the trial court lacked jurisdiction over the Village's motion for a voluntary dismissal because it lacked subject-matter jurisdiction over the Village's claim, (2) the trial court violated this court's mandate where this court held "the trial court d[id] not have jurisdiction to hear plaintiff's compliant" and determined that the trial court's rulings were void, and (3) the trial court did not have the authority to grant the Village's request for a "voluntary" dismissal of the complaint because this court had already "involuntarily" dismissed the complaint on appeal so that there was no "case" to dismiss.

¶ 10        In response, the Village argues that the trial court was revested with jurisdiction once this court's mandate was issued. The Village contends that even though the trial court lacked subject-matter jurisdiction to decide the merits of the case, the trial court nonetheless had the jurisdiction to grant its motion to voluntarily dismiss the case.

¶ 11        Section 2-1009 of the Code provides:

"(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause.

(b) The court may hear and decide a motion that had been filed prior to a motion filed under subsection (a) of this Section when that prior filed motion, if favorably ruled on by the court, could result in a final disposition of the cause." 735 ILCS 5/2-1009(a), (b) (West 2016).

¶ 12        Statutory construction presents a question of law, which we review *de novo*. *Hawes v. Luhr Brothers, Inc.*, 212 Ill. 2d 93, 105 (2004). In interpreting section 2-1009 of the Code, we note that our supreme court has made clear that a plaintiff's right to dismiss a case without prejudice as of right is subject to two important qualifications: (1) where a defendant has previously filed

a motion that could result in final disposition if ruled upon favorably by the court, then the court has the discretion to decide that motion prior to ruling on plaintiff's motion for voluntary dismissal and (2) where the circumstances are such that a dismissal under section 2-1009 would directly conflict with a supreme court rule, the terms of the rule take precedence. *Smith v. Central Illinois Regional Airport*, 207 Ill. 2d 578, 583 (2003). "Absent such a circumstance, the trial judge generally has no discretion to deny the motion to voluntarily dismiss." *In re Nancy A.*, 344 Ill. App. 3d 540, 551 (2003).

¶ 13    In this case, in the previous appeal, this court vacated the trial court's "rulings," holding the trial court lacked subject-matter jurisdiction to enter those rulings and indicating that it was dismissing the appeal.[1] See *Bolingbrook*, 2016 IL App (3d) 150425-U, ¶¶ 2, 13, 19-20. The Village argues that under Illinois Supreme Court Rule 369(b) (eff. July 1, 1982) the trial court was revested with jurisdiction after the mandate had issued because this court had indicated the appeal was dismissed. Rule 369 addresses proceedings after the filing of the mandate in the circuit court, with subsection (a) indicating that the clerk of the circuit "shall file the mandate promptly upon receiving it." Ill. S. Ct. R. 369(a) (eff. July 1, 1982). Rule 369(b) provides that when the reviewing court dismisses the appeal (or affirms the trial court's judgment) and the mandate is filed in the trial court, "enforcement of the judgment may be had and other proceedings may be conducted as if no appeal had been taken." Ill. S. Ct. R. 369(b) (eff. July 1, 1982). However, in actuality, this court did not "dismiss" the appeal but, rather, addressed the issue of the circuit court's subject-matter jurisdiction, vacated the trial court's rulings as being void for lack of subject-matter jurisdiction, and determined that the substantive merits of the appeal could not be addressed. See *Kyles v. Maryville Academy*, 359 Ill. App. 3d 423, 431-32 (2005) ("[t]he lack of jurisdiction in the circuit court, in turn, affects our own jurisdiction in that we are then limited to considering only the lack of jurisdiction below, and we may not consider the substantive merit of the circuit court's unauthorized actions"); *People v. Flowers*, 208 Ill. 2d 291, 307 (2003) (where the circuit court had no subject-matter jurisdiction, the appellate court, in turn, had no authority to consider the merits of the appeal from the circuit court's judgment and the only matter properly before the appellate court was the circuit court's lack of jurisdiction). Thus, despite the language in the mandate, the prior appeal was not "dismissed" where this court entered an order deciding the issue of subject-matter jurisdiction and vacating the trial court's rulings. See *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291, 308 (1981) (in construing the language of an appellate court's mandate, matters that are implied may be considered embraced by the mandate). Consequently, Rule 369(b) does not apply where the trial court could not possibly proceed "as if no appeal had been taken" where this court vacated the trial court's prior rulings. See Ill. S. Ct. R. 369(b) (eff. July 1, 1982).

¶ 14    Additionally, Rule 369(c) provides, "[w]hen the reviewing court remands the case for a new trial or hearing and the mandate is filed in the circuit court, the case shall be reinstated therein upon 10 days' notice to the adverse party." Ill. S. Ct. R. 369(c) (eff. July 1, 1982). However, this court vacated the trial court's "rulings" but did not remand the case for a new

---

[1]We note that although not expressly stated in this court's prior ruling, the issue of the trial court's lack of jurisdiction pertained to its lack of subject-matter jurisdiction. See *Bolingbrook*, 2016 IL App (3d) 150425-U, ¶¶ 2, 13, 19-20.

hearing on defendants' motion to dismiss or on the parties' motions for summary judgment. Accordingly, the case was not "reinstated" pursuant to authority of Rule 369(c).

¶ 15 Nonetheless, even if this court had dismissed the prior appeal, contrary to defendants' argument, a dismissal of an appeal does not also constitute an "involuntary dismissal" of the complaint itself. Thus, this court did not involuntarily dismiss the complaint. Rather, due to the vacatur of the prior rulings without a remand by this court (either for a rehearing to obtain new rulings or for the trial court to enter an order dismissing the complaint), this case was left in a state of limbo. However, once the mandate was issued in the prior appeal, the circuit court was, indeed, revested with jurisdiction to dismiss the pending complaint. See *PSL Realty Co.*, 86 Ill. 2d at 304 ("[t]he mandate of a court of review is the transmittal of the judgment of that court to the circuit court, and revests the circuit court with jurisdiction").

¶ 16 Arguably, because this court had vacated the trial court's "rulings," there were no longer any rulings entered on either defendants' section 2-619 motion to involuntarily dismiss the complaint for lack of jurisdiction or on the parties' motions for summary judgment. However, the mandate was issued on November 8, 2016, and defendants did not request any rulings prior to plaintiff filing its motion to voluntarily dismiss on June 26, 2017. Consequently, even if there were any motions pending upon revestment of the circuit court's jurisdiction, those motions were presumably abandoned, as nothing regarding the motions was raised either in the trial court or in this court. See *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007) ("it is the responsibility of the party filing a motion to request the trial judge to rule on it, and when no ruling has been made on a motion, the motion is presumed to have been abandoned absent circumstances indicating otherwise"). After the mandate issued, the only motion presented to the trial court regarding a dismissal of the complaint was plaintiff's motion for a voluntary dismissal pursuant to section 2-1009 of the Code.

¶ 17 After reviewing the language of section 2-1009 of the Code, we conclude that the trial court had the authority to grant plaintiff's procedural motion to take a voluntary dismissal of the pending complaint despite its lack of subject-matter jurisdiction over the plaintiff's substantive claim. See 735 ILCS 5/2-1009(a) (West 2016) ("plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action"); *Swope v. Northern Illinois Gas Co.*, 221 Ill. App. 3d 241, 243 (1991) ("[w]hen a trial court lacks subject-matter jurisdiction, the only thing it has the power to do is dismiss the action"). Accordingly, we affirm.

¶ 18                                                                CONCLUSION
¶ 19 The judgment of the circuit court of Will County is affirmed.

¶ 20 Affirmed.

¶ 21 PRESIDING JUSTICE SCHMIDT, dissenting:
¶ 22 The majority's holding that the trial court's lack of subject-matter jurisdiction did not preclude the court from granting plaintiff's motion to voluntarily dismiss ignores over 100 years of clear Illinois law. For reasons that should be obvious, I dissent.

¶ 23 In a prior appeal in this matter, as the majority is aware, this court held that the trial court had no subject-matter jurisdiction over the plaintiff's case. *Supra* ¶ 4. The Village did not

appeal this court's decision to the supreme court. That leaves our prior holding that the trial court has no subject-matter jurisdiction as the law of the case. This court issued its mandate in the prior appeal on November 8, 2016. On June 26, 2017, the Village filed a motion to voluntarily dismiss without prejudice pursuant to section 2-1009 of the Code. Again, as the majority is aware, defendants objected and pointed out that there was no case to dismiss as this court had previously held that the trial court had no subject-matter jurisdiction over the matter. *Supra* ¶ 6. Nonetheless, the trial court granted the Village's motion to voluntarily dismiss. Defendants appeal, and the majority affirms the trial court.

¶ 24 The law in this state has been clear for over 100 years. A trial court without subject-matter jurisdiction has the power to do one thing, and one thing only: dismiss the action. The majority seems to recognize this. See *supra* ¶ 17.

¶ 25 Implicit in our prior mandate was that the trial court could do one thing and one thing only upon receipt of our mandate: dismiss the action for want of subject-matter jurisdiction. *Commissioners of Drainage District No. 5 v. Arnold*, 383 Ill. 498, 510 (1943). We could have, and I suppose should have, directed the trial court to do that. In light of clear law, we did not think it necessary.

¶ 26 The majority goes on to find solace in the fact that after our mandate issued, the defendants did not request any rulings prior to the plaintiff filing its motion to voluntarily dismiss on June 26, 2017. *Supra* ¶ 16. There would be no reason for the defendants to feel the need to file anything after the appellate court held that the trial court lacked subject-matter jurisdiction. The majority goes on, "Consequently, even if there were any motions pending upon revestment of the circuit court's jurisdiction [(What jurisdiction?)], those motions were presumably abandoned, as nothing regarding the motions was raised either in the trial court or in this court." *Supra* ¶ 16. Again, the majority recognizes that "[w]hen a trial court lacks subject-matter jurisdiction, the only thing it has the power to do is dismiss the action." (Internal quotation marks omitted.) *Supra* ¶ 17. And yet, at the same time holds that it has the power to entertain and rule upon plaintiff's motion to voluntarily dismiss.

¶ 27 As a matter of common sense, the notion of a "voluntary dismissal" presumes that the plaintiff has a case and the power to proceed with that case should it elect to do so. There is nothing voluntary about this dismissal; the plaintiff had no choice. Again, the trial court should have entered a dismissal order upon receipt of this court's prior mandate. That is, as defendants tried to explain to the trial court, and I unsuccessfully tried to explain to the majority, upon issuance of our prior mandate, the plaintiff had no case in the circuit court to voluntarily dismiss. Section 2-1009(a) allows a plaintiff to voluntarily dismiss "his or her action." 735 ILCS 5/2-1009(a) (West 2016). Plaintiff had no action in the trial court. The filing is a nullity. Contrary to the insinuation above (*supra* ¶ 17), *Swope*, 221 Ill. App. 3d 241, does not support the majority's position. *Swope* is simply another case in a long line of Illinois cases that holds that a trial court lacking subject-matter jurisdiction can only dismiss the action. It may not entertain motions, other than the obvious motion to dismiss for want of subject-matter jurisdiction. Even if no motions are pending, the trial court has a duty to dismiss *sua sponte*. See *Commissioners of Drainage District No. 5*, 383 Ill. 498. The "*proceedings were a nullity.*" (Emphasis added.) *Id.* at 510.

¶ 28 It seems obvious that by filing this section 2-1009 motion, plaintiff hopes to have the opportunity to refile. When this happens, we will be faced with the same issues again. As our supreme court has made clear, "[i]f a court lacks either subject matter jurisdiction over the

matter or personal jurisdiction over the parties, any order entered in the matter is void *ab initio* and, thus, may be attacked at any time." *In re M.W.*, 232 Ill. 2d 408, 414 (2009); *Johnston v. City of Bloomington*, 77 Ill. 2d 108, 112 (1979); *In re Dar. C.*, 2011 IL 111083, ¶ 60. Furthermore, when subject-matter jurisdiction is lacking, " 'the proceedings are a nullity and no rights are created by them and they may be declared void when collaterally attacked.' " *In re M.W.*, 232 Ill. 2d at 444 (Freeman, J., specially concurring) (quoting *Johnston*, 77 Ill. 2d at 112); *In re Dar. C.*, 2011 IL 111083, ¶ 60. That is, in a nutshell, plaintiff cannot gain any right to refile by virtue of filing a cause of action in a circuit court that has no subject-matter jurisdiction over the matter. So, if the supreme court denies the defendants' probable filing of a petition for leave to appeal in this matter, plaintiff will undoubtedly attempt to refile the action; we will be back again facing the same issue. This is a gross waste of not only the defendants' money, including attorney fees, but also the time of the circuit courts and reviewing courts. All good things must end; the time for this matter to end is long overdue. Again, the law in this state has been clear for over 100 years. See *People ex rel. Coleman v. Leavens*, 288 Ill. 447, 450 (1919).

¶ 29        We should vacate as void the trial court's order granting plaintiff's section 2-1009 motion and remand with directions for the trial court to enter an order dismissing plaintiff's complaint for want of subject-matter jurisdiction.