2025 IL App (1st) 240376-U

No. 1-24-0376

Order filed March 7, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MELODY SNYDER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 50139 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| THE DIRECTOR OF EMPLOYMENT SECURITY, and | ) | |
| THE BOARD OF REVIEW, | ) | Honorable |
| | ) | Patrick T. Stanton, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Tailor and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the order of the circuit court that affirmed the Board of Review's finding that plaintiff did not appeal the Department of Employment Security's dismissal of her claim for unemployment insurance.

¶ 2    Plaintiff Melody Snyder appeals *pro se* the circuit court order affirming the decision of defendant, the Illinois Department of Employment Security (Department) Board of Review (Board), that a letter she sent to the Board did not constitute an appeal from the Department's

dismissal of her claim for unemployment benefits pursuant to the Unemployment Insurance Act (Act) (820 ILCS 405/100 *et seq.* (West 2022)). We affirm.

¶ 3    Snyder worked for The TJX Companies, Inc. as a merchandise associate at a Marshalls store. She was discharged and filed a claim with the Department for unemployment insurance. In the claim, she stated that she worked for "MARSHALLS OF IL LLC" from June 15, 2017, to September 24, 2020. She also stated that she worked for "HOLY ANGELS SCHOOL" from January 10, 2020, to February 20, 2020, and had worked part-time for "AMAZON.COM SERVICES LLC" since March 1, 2021.

¶ 4    On March 4, 2022, the Department mailed a determination letter to Snyder denying her benefits for April 5, 2020, through April 24, 2021, on the basis that the evidence showed she was working full-time during that period. The determination letter informed Snyder that "[i]f you disagree with this determination, you may complete and submit a request for reconsideration/appeal" with the Department within 30 calendar days of the letter's mailing date and that "[a] letter will suffice if you do not have an agency form."

¶ 5    The record contains a one-page, handwritten letter from Snyder filed March 26, 2022, titled "Appeal." In the letter, she states that she worked at Marshalls from 2016 to 2020. Due to the pandemic, management told her to apply for unemployment insurance and employment was "coming to [an] end." Snyder applied to work for Amazon, but she never worked at "Holy Christ." She believed there was "a mistake on [her] record." Snyder attached several documents, including (1) a letter from The TJX Companies, Inc. that stated she worked for the company from November 23, 2016, to August 7, 2020; (2) a document reflecting her employment by Amazon.com, Inc.; and (3) a report from Credit Karma regarding her employment history.

¶ 6    On July 28, 2022, the Department mailed Snyder notice of a telephone hearing on the appeal with a referee, set for August 18, 2022, at noon. The notice stated that Snyder's failure to answer the phone when the referee calls may result in a finding against her or dismissal of the case.

¶ 7    During the August 18, 2022, hearing, the referee called Snyder at one phone number three times and then called Snyder at an alternative number but received no answer. On August 19, 2022, the Department mailed Snyder its decision dismissing the appeal, because she failed to appear at the hearing. The determination letter notified Snyder of her appeal rights, which included submitting a request for rehearing stating the reason why she did not attend the hearing or request a continuance. The letter specified that the request for a rehearing must be made to the referee within 10 days and an appeal may also be filed in writing with the Board within 30 days.

¶ 8    Snyder filed a document dated September 8, 2022, stating she was unable to receive the hearing call due to "a major crisis," as she was in the hospital and could not access her cellphone.

¶ 9    On November 18, 2022, the Board entered a decision finding Snyder had good cause for being absent from the scheduled hearing. The Board remanded the case to the Department with instructions for the referee to schedule a hearing.

¶ 10    That same date, the Department mailed Snyder notice of a second telephone hearing, this time set for December 8, 2022, at 1:30 p.m. The Department again notified Snyder that her failure to answer the phone when the referee called could result in a finding against her or dismissal of her case.

¶ 11    During the December 8, 2022, hearing, Snyder again failed to answer the phone when called.

¶ 12    On December 9, 2022, the Department mailed a decision to Snyder dismissing the case, because Snyder failed to appear at the remanded hearing. The letter again notified Snyder about the appeal process based on the failure to appear.

¶ 13    The record contains another letter titled "Appeal" setting forth the same challenge Snyder made to the Department's March 2022 decision, *i.e.*, that she worked for Marshalls from 2016 to 2020, but was directed to apply for unemployment insurance. She again stated she applied to Amazon but never worked for "Holy Christ." This letter has slight variations in wording to the March 2022 letter. The copy in the record has no file stamp. On December 12, 2022, the Board mailed Snyder notice that the Board received her appeal on December 9, 2022, the same date the Department mailed her notice of its dismissal decision.

¶ 14    On March 3, 2023, the Board entered a decision finding "no appeal was actually filed" by Snyder from the December 9, 2022, decision. The Board explained that it erroneously processed a letter from Snyder providing employment information as an appeal from the December 9, 2022, decision. The Board found that "no appeal in this matter is currently before us" and therefore dismissed the "purported appeal."

¶ 15    On March 14, 2023, Snyder filed *pro se* a complaint for administrative review in the circuit court, requesting judicial review of the Board's March 3, 2023, decision. On September 20, 2023, she filed a brief alleging she worked for The TJX Companies, Inc. from November 23, 2016, to August 7, 2020, but was furloughed on April 12, 2020, due to the pandemic. She stated, "I pray overpayment can be waived as a fulltime employee I only received what I was eligible for due to being furloug[h]ed because of the pandemic." She stated she was admitted to the hospital on December 8, 2022.

¶ 16    On February 9, 2024, the circuit court entered an order affirming the Board's decision to dismiss Snyder's appeal. The court found the record confirmed that no appeal was filed disputing the December 9, 2022, dismissal and noted that the purported second appeal letter did not have a file stamp or any indication of how or when it was submitted. The court also noted that Snyder failed to address the Board's dismissal or offer any argument that it was incorrect.

¶ 17    On appeal, Snyder argues the circuit court erred by overlooking that she was hospitalized on December 8, 2022, and by not considering her appeal letter that she filed in a timely manner.

¶ 18    As a preliminary matter, Snyder arguably forfeited a review of the Board's decision to dismiss her appeal. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires a brief to "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." The Rule further provides that "[p]oints not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." *Id.*

¶ 19    Here, the grounds for the Board's March 3, 2023, dismissal decision was that Snyder did not actually appeal the December 9, 2022, dismissal of her case. Rather, she submitted an "Appeal" letter that was almost identical to the "Appeal" letter she submitted to the Department to challenge its original determination that she was ineligible for unemployment insurance for the dates April 5, 2020, through April 24, 2021. Snyder now argues the circuit court overlooked that she was in the hospital on the date of her second telephone hearing on December 8, 2022, and did not consider that her appeal letter was filed in a timely manner. She also disagrees with the Board, asserting she has "not collected money while working." However, in violation of Rule 341(h)(7), she does not develop any cognizable argument, supported by relevant authority, in support of her contentions.

But we will consider the appeal regardless, as the issues are not complex, and we have the benefit of the appellees' brief. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001) (finding meaningful review was not precluded, as merits of appeal could be ascertained from record).

¶ 20    "An administrative agency possesses no inherent or common law powers, and any authority that the agency claims must find its source within the provisions of the statute by which the agency was created." *Board of Trustees of Community College District No. 508 v. Migaj*, 2023 IL App (1st) 230285, ¶ 31.

¶ 21    The Act "provides economic relief to those who are involuntarily unemployed, through the collection of compulsory contributions from employers and the payment of benefits to eligible unemployed persons." *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 396 (2001); see also 820 ILCS 405/100 (West 2022) (declaration of public policy for the Act). The Department is "entrusted with administering the Act, preserving the fund, and handling its assets in accordance with the Act." *Petrovic v. Department of Economic Security*, 2016 IL 118562, ¶ 19; 820 ILCS 405/1700, 2100(A) (West 2022). The Act provides a procedure by which a claimant for unemployment insurance may appeal Department decisions regarding claims before either a department referee or director, who shall afford the parties reasonable opportunity for a fair hearing. 820 ILCS 405/800, 801(A) (West 2022). A party's failure to attend a scheduled hearing with the referee "will result in a dismissal of the appeal." 56 Ill. Adm. Code 2720.255(a) (2019).

¶ 22    "The decision of the Referee shall be final, unless, within 30 calendar days after the date of mailing of such decision, further appeal to the Board of Review is initiated pursuant to Section

803." 820 ILCS 405/801(A) (West 2022); see also *Thompson v. Department of Employment Security*, 399 Ill. App. 3d 393, 395 (2010) (the 30-day period is calculated from the date of service). "[T]he time for filing an appeal from the referee's decision is strictly jurisdictional." *Automated Professional Tax Services, Inc. v. Department of Employment Security*, 244 Ill. App. 3d 485, 488 (1993). Whether the Board had jurisdiction over Snyder's appeal of the referee's dismissal is a question of law which we review *de novo*. *Thompson*, 399 Ill. App. 3d at 395. In administrative review cases, this court reviews the decision of the administrative agency, not the determination of the circuit court. *Wade v. City of North Chicago Police Pension Board*, 226 Ill. 2d 485, 504 (2007).

¶ 23     Here, on August 19, 2022, the Department dismissed Snyder's appeal after Snyder failed to attend the first telephone hearing on August 18, 2022. Subsequently, Snyder filed a letter, for which the Board acknowledged receipt, stating she was in the hospital when the hearing occurred. After remand to the referee, the Department dismissed the appeal again on December 9, 2022, due to Snyder's failure to attend the second hearing on December 8, 2022. Snyder then filed another letter titled "Appeal" that was nearly identical to the "Appeal" letter previously submitted to the Department and which, in substance, challenged the Department's original denial of her unemployment insurance. There is no indication that Snyder made any filings to the Board challenging the December 9, 2022, dismissal based on the failure to appear at the hearing on December 8, 2022.

¶ 24     Moreover, while Snyder's brief states that she was in the hospital on the date of the December 8, 2022, hearing, the dismissal based on her failure to attend that hearing was never

challenged in an appeal with the Board. Therefore, Snyder cannot raise the issue for the first time on administrative review. See *Village of Oak Brook v. Sheahan*, 2015 IL App (2d) 140810, ¶ 57.

¶ 25    Because Snyder did not file a timely appeal addressing the Department's December 9, 2022, decision, *i.e.*, the dismissal for failure to attend the referee's second telephone hearing, the Board correctly determined that Snyder failed to appeal that decision. *Automated Professional Tax Services, Inc.*, 244 Ill. App. 3d at 488-90.

¶ 26    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 27    Affirmed.