THE CHILDREN'S MEMORIAL HOSPITAL, Plaintiff-Appellee, v. DR. ROBERT MUELLER *et al.*, Defendants and Third-Party Plaintiffs-Appellees (Lakeview Medical Center *et al.*, Third-Party Defendants; The Department of Children and Family Services, Third-Party Defendant-Appellant).

First District (3rd Division)  No. 85—1332

Opinion filed March 19, 1986.

Neil F. Hartigan, Attorney General, of Springfield (William G. Sullivan and Lance T. Jones, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Kenneth Baker and David S. Miller, both of Kenneth Baker & Associates, of Chicago, for appellee Children's Memorial Hospital.

James K. Borbely, of Kirk & Wolgamot, of Danville, for other appellees.

JUSTICE WHITE delivered the opinion of the court:

On September 26, 1983, plaintiff, the Children's Memorial Hospital (Children's Memorial), instituted this action in the circuit court of Cook County against defendants Dr. Robert Mueller and Pamela Schopp (Mueller and Schopp) to recover charges for facilities, materials, and services rendered to Scott and Jeffery Mueller, the minor children of Mueller and Schopp. On January 17, 1984, Mueller and Schopp filed a third-party complaint seeking indemnification from the Illinois Department of Children and Family Services (DCFS)[1] for any

---

[1]DCFS is a department of Illinois State government with authority to take temporary custody of children to provide for their care and well being. Ill. Rev. Stat. 1983, ch. 23, par. 5001 *et seq.*

judgment entered against Mueller and Schopp in Children's Memorial's claim against them. Mueller and Schopp alleged in their complaint that DCFS was the legal guardian and custodian of the children at the time Children's Memorial rendered services to the children; that DCFS consented to and contracted for the provision of these services; that DCFS failed to honor or comply with DCFS regulations; and therefore, DCFS was solely liable for its purported contract with Children's Memorial.

DCFS filed a motion to dismiss the third-party action for lack of subject matter jurisdiction alleging that Mueller and Schopp's action against DCFS is a suit against the State of Illinois, thus barred by the doctrine of sovereign immunity. Ill. Rev. Stat. 1983, ch. 127, par. 801.

During the pendency of the hearing on DCFS' motion to dismiss, Children's Memorial amended its complaint by adding count V, naming DCFS as a defendant. Count V alleged that Children's Memorial filed a claim in the Illinois Court of Claims seeking reimbursement from the State for services provided by it. Children's Memorial in the amended complaint sought to have determined, via declaratory relief, the respective liabilities of DCFS and Mueller and Schopp for the payment of the hospital bills. The Illinois Court of Claims continued generally the hearing of Children's Memorial's claim in that court during the pendency of Children's Memorial's action in the circuit court. DCFS filed a motion to dismiss Children's Memorial's amended complaint, asserting again the doctrine of sovereign immunity.

On April 10, 1985, oral argument was had on DCFS' motion to dismiss the third-party complaint of Mueller and Schopp. The court denied the motion. Later, the parties and the court agreed that the ruling of denial was also applicable to DCFS' motion to dismiss Children's Memorial's amended complaint. On May 2, 1985, the circuit court entered an order denying both of DCFS' motions to dismiss for lack of subject matter jurisdiction. The court found that its determination involved a question of law as to which there is substantial ground for difference of opinion and that appellate resolution of this question might materially advance the ultimate termination of this litigation. This appeal followed.

DCFS argues that the circuit court erred in denying its motions to dismiss for lack of subject matter jurisdiction because the actions against it are against the State. Plaintiff therefore argues that the circuit court has no jurisdiction and that the suits should have been filed in the Illinois Court of Claims. We agree.

■■ Section 8 of the Court of Claims Act provides in pertinent part that:

"The court [of claims] shall have exclusive jurisdiction to hear and determine the following matters:

* * *

(b) All claims against the state founded upon any contract entered into with the State of Illinois." (Ill. Rev. Stat. 1983, ch. 37, par. 439.8.)

Thus, the circuit court is without jurisdiction to entertain contract claims against the State. (*Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 187, 470 N.E.2d 1029.) This immunity extends not only to actions where the State is named as the defendant, but also to actions against State departments such as DCFS, and State officers acting pursuant to their lawful authority. *City of Springfield v. Allphin* (1978), 74 Ill. 2d 117, 124, 384 N.E.2d 310.

■ It is well settled that the circuit court, in determining whether an action is a suit against the State, is not bound by the formal identification of the parties. The issues involved and the nature of the relief sought must be analyzed. *Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 186, 470 N.E.2d 310; *Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 378, 481 N.E.2d 1004; *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 470 N.E.2d 615.

■ A claim that has the potential to subject the State to liability is one against the State and within the exclusive jurisdiction of the Illinois Court of Claims. (*Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 378, 481 N.E.2d 1004.) Our supreme court in *Ellis v. Board of Governors* (1984), 102 Ill. 2d 387, 395, 466 N.E.2d 202, explained further:

"[T]hat if a plaintiff is not attempting to enforce a present claim against the State, but rather seeks to enjoin a State officer from taking future actions in excess of his delegated authority, then the immunity prohibition does not pertain. [Citation.] However, we agree with the appellate court that the plaintiff's suit *** [seeking money damages] is clearly based upon a present claim which has the potential to subject the State to liability and thus must be brought in the Court of Claims." 102 Ill. 2d 387, 395, 466 N.E.2d 202.

In the case at bar, neither the claim of Mueller and Schopp nor the claim of Children's Memorial is a future claim. They do not seek to enjoin a State officer from taking future actions in excess of his delegated authority. They seek to impose an obligation to pay money on a department of State government. Specifically, Mueller and Schopp seek indemnity for any judgment entered against them in Children's Memorial's claim. Children's Memorial's amended com-

plaint is for a declaratory judgment determining whether Mueller and Schopp or DCFS is liable for the services it provided. Although the claim of Mueller and Schopp is stated in terms of indemnification and Children's Memorial's claim is framed as an action for declaratory judgment, a reading of both complaints indicates that the principle relief sought is a judgment for money against DCFS, a department of the State of Illinois. See *City of Springfield v. Allphin* (1979), 74 Ill. 2d 117, 384 N.E.2d 310; and *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 470 N.E.2d 615.

■ Mueller and Schopp argue that because the claim against DCFS is based on DCFS' failure to comply with department regulations[2] the claim is not one against the State and is properly filed in the circuit court. Mueller and Schopp, citing *Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 470 N.E.2d 1029, *Board of Education v. Cronin* (1979), 69 Ill. App. 3d 472, 388 N.E.2d 72, and *Board of Trustees v. Illinois Community College Board* (1978), 63 Ill. App. 3d 969, 380 N.E.2d 988, maintain that a suit against a State entity such as DCFS, to compel it to perform its duty according to applicable statutes and regulations, is not a claim against the State over which the Court of Claims has exclusive jurisdiction. This argument is without merit. *Senn Park, Board of Education,* and *Board of Trustees* all stand for the proposition that a suit to compel a State official to perform his duty according to statutory authority or regulations is a suit against the *State officer*, not against the State itself. (*Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 188, 470 N.E.2d 1029; *Board of Education v. Cronin* (1979), 69 Ill. App. 3d 472, 474, 388 N.E.2d 72; and *Board of Trustees v. Illinois Community College Board* (1978), 63 Ill. App. 3d 969, 971, 380 N.E.2d 988.) As we stated earlier, the claim of Mueller and Schopp does not seek to enjoin a State officer from taking future actions in excess of his delegated authority. They seek to impose a monetary obligation on DCFS, a department of the State government.

■ Lastly, Mueller and Schopp maintain that the General Assembly has consented to the State being made a defendant in the circuit court by making the decisions of a State agency subject to review under the Administrative Review Act. (*Johnson v. Department of Public Aid* (1972), 3 Ill. App. 3d 1045, 279 N.E.2d 791.) The above-cited proposition is a correct one; however, it has no applicability to the

---

[2]Mueller and Schopp alleged that DCFS failed to honor or comply with its regulatory procedures (Ill. Rev. Stat. 1983, ch. 23, par. 5001 *et seq.*) regarding financial responsibility for medical care of its wards.

questions in issue. Here, DCFS has made no decisions for the circuit court to review.

Accordingly, we hold that because the claims of Mueller and Schopp and Children's Memorial Hospital are present claims, subjecting the State to possible liability, the Illinois Court of Claims has exclusive jurisdiction.

We reverse the order of the circuit court of Cook County denying the motions to dismiss of the Illinois Department of Children and Family Services.

Reversed.

RIZZI, P.J., and McGILLICUDDY, J., concur.