681 N.E.2d 660 (1997)
288 Ill. App.3d 860
224 Ill.Dec. 345
In re the Interest of R.V., J.V., M.V., Minors (The Department of Children and Family Services, Petitioner-Appellant,
v.
R.V., J.V., M.V., Respondents-Appellees).
No. 1-95-2310.
Appellate Court of Illinois, First District, Fifth Division.
May 30, 1997.
*662 James E. Ryan, Attorney General, State of Ill., Barbara A. Preiner, Solicitor Gen., Chicago, Susan Fredrick Rhodes, Assistant Attorney Gen., for Petitioner-Appellant.
Stephen M. Komie, Brian E. King, Komie & Associates, Chicago, for Respondents-Appellees.
*663 Justice HOURIHANE delivered the opinion of the court:
This interlocutory appeal is brought by the Illinois Department of Children and Family Services (DCFS) from an order of the juvenile court which directed DCFS to videotape any interviews of the minors it conducted to investigate allegations of sexual abuse in this case. We are to decide whether the circuit court had authority to enter such an order. For the reasons indicated below, we conclude that the circuit court does not possess such authority.

Background
Keith V. is the adoptive parent of Michael, R.V. and J.V. Keith is also the biological father of M.V. Tammy V., Keith's wife, is the biological mother of M.V.
On May 30, 1995, Keith and Tammy brought J.V. to Grant Pediatric hospital. During an interview conducted on that date, J.V. told members of the hospital staff that he had sexual contact with Keith, Michael and M.V. J.V. also indicated that Keith had disciplined him by hitting him with a belt and a coat hanger. This interview was documented via the handwritten notes of the interviewer.
On June 7, 1995, the Cook County State's Attorney filed a petition in the circuit court for adjudication of the wardship of M.V., R.V. and J.V.[1] On the same date, the trial court granted Keith and Tammy's emergency motion to preserve all existing raw notes, videotapes and tape recordings of interviews as well as any photographs taken by DCFS and the hospital during the course of their investigation of the allegations. On June 8, 1995, the court entered an order which, inter alia, expanded the scope of this ruling to require DCFS to videotape any subsequent interviews they conducted with the children concerning their alleged sexual abuse. The judge then indicated that because he believed the case would ultimately focus on the credibility of the witnesses, the videotaping of the interviews would provide additional evidence upon which he could make a credibility determination while also guarding against suggestive or leading questioning.
On July 7, 1995, DCFS filed an emergency motion to reconsider the court's previous orders which prohibited them from interviewing the children without videotaping. DCFS argued that this requirement would frustrate their ability to investigate the matter and they indicated that they were not equipped to carry out the court's orders. The juvenile court denied DCFS's motion and indicated that the court had the authority to condition the interviews under Supreme Court Rule 201(c) (155 Ill.2d R. 201(c)).
On July 10, 1995, DCFS filed a notice of appeal from the orders directing them to videotape the interviews. Subsequently, the underlying cases proceeded to an adjudicatory hearing and Keith and Tammy were dismissed from M.V. and R.V.'s cases with prejudice and J.V. was adjudicated a ward of the state.

Discussion
At the outset, we note that appellees motion to supplement the record, which was taken with the case, is hereby granted.
On appeal, DCFS contends that the Juvenile Court acted beyond its authority when it ordered DCFS to videotape all interviews of the children which related to the allegations of sexual abuse. DCFS provides several bases in support of its claim. However, prior to addressing DCFS's claims on appeal, we must discuss the appellee's contention that this court is without authority to decide this matter.
Appellees assert that this appeal is not properly before this court for three reasons. First, appellees contend that DCFS lacks standing to bring the present appeal because they were not a party to the original action. Second, they argue that this court lacks jurisdiction to hear the present appeal because the orders of the trial court are not, as DCFS maintains, appealable under Supreme Court Rule 307(a)(1) (155 Ill.2d R. 307(a)(1)). Finally, appellees argue that even if the orders at issue are appealable, the present appeal is moot because the circuit court made *664 a final adjudication of the underlying issues in this case.

I. Standing
First, we shall address the issue of DCFS's standing. Even if an appellant is not a party to the underlying suit, it does not mean that they always lack standing to appeal from an order of the circuit court. In In re A Minor, 127 Ill.2d 247, 130 Ill.Dec. 225, 537 N.E.2d 292 (1989), our supreme court dealt with this issue and stated "[i]f anything, the appellant's status as a nonparty strengthens the need for interlocutory appellate review, since the appellant would never be subject to an appealable final judgment in the underlying * * * action." In re A Minor, 127 Ill.2d at 263, 130 Ill.Dec. 225, 537 N.E.2d 292. As appellees concede, a nonparty may appeal from an order of the circuit court when they have an interest which is direct, immediate and substantial and they can show that they would be prejudiced by the judgment or benefit from its reversal. See In Estate of Tomlinson, 65 Ill.2d 382, 3 Ill.Dec. 699, 359 N.E.2d 109 (1976).
While it is true that DCFS did not formally appear in the trial court and therefore was not a party to this action, they nonetheless have standing to appeal from the orders of the circuit court. Under the Abused and Neglected Child Reporting Act (Reporting Act) (325 ILCS 5/1 et seq. (West 1994)), DCFS is responsible for investigating reports of suspected child abuse. Accordingly, DCFS has an interest in the methods they use to accomplish these statutory duties. At the hearings conducted in the trial court, DCFS expressed concern about how videotaping the children would affect their behavior and their willingness to discuss sensitive matters. Moreover, representatives from DCFS indicated that they were not equipped to comply with the order. For these reasons, we find that the appellees' contention regarding standing is meritless.

II. Jurisdiction
Next, appellees contend that this court is without jurisdiction to hear the present appeal under Supreme Court Rule 307(a). We disagree. Rule 307(a)(1) provides that an appeal may be taken from an interlocutory order of the court which grants, modifies, dissolves or refuses to dissolve an injunction. 155 Ill.2d R. 307(a)(1). "Injunction" has been defined by the courts of this state to include a judicial process by which a party is required to do a particular thing or refrain from doing a particular thing and which operates as a restraint on the party's exercise of his real or supposed rights. In re A Minor, 127 Ill.2d at 261, 130 Ill.Dec. 225, 537 N.E.2d 292. To determine whether an act of the circuit court operates as an "injunction" for purposes of Rule 307, the court has to look to the substance of the action taken rather than the form. People v. Collins, 249 Ill.App.3d 924, 189 Ill.Dec. 170, 619 N.E.2d 871 (1993). In so doing, we are mindful that the courts of this state have a policy of broadly construing the meaning of the term "injunction". In re A Minor, 127 Ill.2d at 261, 130 Ill.Dec. 225, 537 N.E.2d 292.
Here, the trial court ordered DCFS to videotape all interviews of the children in this case. Clearly, the orders appealed from directed DCFS to do, or not do, a particular thing which placed a constraint on the Department's right to determine appropriate investigatory measures. As such, they are properly viewed as "injunctive" and capable of review pursuant to Supreme Court Rule 307(a)(1). See In re Estate of Ohlman, 259 Ill.App.3d 120, 130-31, 197 Ill.Dec. 9, 630 N.E.2d 1133 (1994).

III. Mootness
Finally, we must address appellees' contention that the present appeal is moot. A case on appeal becomes moot when the issues involved in the circuit court no longer exist because events occurring after the filing of the appeal make it impossible for the appellate court to grant effective relief. In re A Minor, 127 Ill.2d at 255, 130 Ill.Dec. 225, 537 N.E.2d 292. Appellees argue that because the trial court entered final adjudicatory orders and dismissed the appellees with prejudice, the orders in question have no current effect and therefore the issues presently raised by DCFS are moot.
Even if we found that the termination of the juvenile proceedings rendered this appeal formally moot, they would still be *665 subject to review under one of the exceptions to the mootness doctrine. A case that is considered moot may still be subject to review if it involves a question of great public interest. In re A Minor, 127 Ill.2d at 257, 130 Ill.Dec. 225, 537 N.E.2d 292; see also People ex rel. Black v. Dukes, 96 Ill.2d 273, 70 Ill.Dec. 509, 449 N.E.2d 856 (1983). This doctrine applies when a moot question is nonetheless (1) public in nature, (2) it is desirable to provide an authoritative determination so as to offer guidance for public officers, and (3) it is likely that the question will generally reappear. In re A Minor, 127 Ill.2d at 257, 130 Ill.Dec. 225, 537 N.E.2d 292.
Moreover, issues arising from cases, while otherwise moot, may also be reviewed when they involve an event of short duration which is capable of repetition yet evades review. Madison Park Bank v. Zagel, 91 Ill.2d 231, 62 Ill.Dec. 950, 437 N.E.2d 638 (1982). In order to fit within this exception, a complaining party must demonstrate that (1) the challenged action is too short in duration to be fully litigated prior to cessation and (2) there is a reasonable expectation that the same complaining party could be subjected to the same action in the future. People v. Bailey, 116 Ill.App.3d 259, 72 Ill. Dec. 96, 452 N.E.2d 28 (1983).
In the present case, the elements of both exceptions to the mootness doctrine are present. The interests involved, i.e., the state's interests in protecting neglected or abused children and DCFS's interest in being able to conduct investigations related thereto without judicial interference, are both of public concern. Moreover, we note that the issues raised are of a type which may evade review. DCFS is charged with the duty of investigating allegations of child abuse (325 ILCS 5/7.4 (West 1994)) and providing reports and testimony to the Juvenile Court. 705 ILCS 405/2-10 & 2-18 (West 1994). The dictates of the Juvenile Court Act of 1987 (705 ILCS 405 1-1 et seq. (West 1994)(Juvenile Court Act)) and the Reporting Act rightly contain time limitations for conducting examinations and interviews as well as for entering a disposition. Throughout the process, an orderly and speedy disposition is mandated in the interest of the children. Under these circumstances, it is appropriate to consider the issues raised because they are capable of repetition, and likely to evade review. See In re Lawrence M., 269 Ill.App.3d 253, 206 Ill.Dec. 817, 645 N.E.2d 1069 (1995).
Having decided that this matter is properly before this court on appeal, we now must address the merits of the contentions raised by DCFS. Initially, we note that while normally the scope of review in an interlocutory appeal is limited, where, as is the present case, we are faced with a question of law, a reviewing court must determine the propriety of the trial court's determination independently. In re Lawrence M., 172 Ill.2d 523, 219 Ill.Dec. 32, 670 N.E.2d 710 (1996).

IV. Sovereign Immunity
DCFS first asserts that the orders of the trial court at issue are barred by the doctrine of sovereign immunity. The doctrine of sovereign immunity provides that actions against the state must be filed in the Court of Claims. 745 ILCS 5/1 (West 1994). The determination of whether a suit is in fact an action against the state turns upon an analysis of the issues involved and the relief sought rather than the formal designation of the parties. In re Lawrence M., 172 Ill.2d at 527, 219 Ill.Dec. 32, 670 N.E.2d 710; Senn Park Nursing Center v. Miller, 104 Ill.2d 169, 83 Ill.Dec. 609, 470 N.E.2d 1029 (1984). Therefore, while suits that will potentially subject the state to liability constitute a claim against the state which must be filed in the Court of Claims, suits against state officials which merely seek to compel them to perform their duties are not suits against the state for purposes of sovereign immunity. In re V.H., 197 Ill.App.3d 52, 58, 143 Ill.Dec. 751, 554 N.E.2d 686 (1990).
The order at issue here is not barred by the doctrine of sovereign immunity. First, DCFS was not a party to the action below. The doctrine of sovereign immunity is directed at limiting claims, suits or actions filed against the State of Illinois. See Children's Memorial Hospital v. Mueller, 141 Ill.App.3d 951, 96 Ill.Dec. 289, 491 N.E.2d 103 (1986); City of Springfield v. Allphin, 74 Ill.2d 117, 23 Ill.Dec. 516, 384 N.E.2d 310 *666 (1978); Hernandez v. Fahner, 135 Ill.App.3d 372, 90 Ill.Dec. 204, 481 N.E.2d 1004 (1985). As such, the doctrine is concerned largely with claims which have the potential of subjecting the state to liability. Hernandez v. Fahner, 135 Ill.App.3d 372, 90 Ill.Dec. 204, 481 N.E.2d 1004. In discussing the limits of the doctrine of sovereign immunity, our supreme court has stated:
"[I]f a plaintiff is not attempting to enforce a present claim against the State, but rather seeks to enjoin a State officer from taking future actions in excess of his delegated authority, then the immunity prohibition does not pertain." Ellis v. Board of Governors of State Colleges and Universities, 102 Ill.2d 387, 80 Ill.Dec. 750, 466 N.E.2d 202 (1984).
DCFS was not a party and there was no claim, action or suit pending against them. Rather, the orders at issue attempted to enjoin DCFS from conducting further interviews of the children without videotaping the episodes. As such, the orders were not barred by the doctrine of sovereign immunity. In re Lawrence M., 172 Ill.2d at 527, 219 Ill.Dec. 32, 670 N.E.2d 710.
Second, the orders at issue essentially direct the behavior of DCFS administrators. Therefore, even though no particular administrator within DCFS is named as a party in this action, the order in question nonetheless compels administrators to perform their duty and therefore is not a suit against the State. See In re Lawrence M., 172 Ill.2d 523, 219 Ill.Dec. 32, 670 N.E.2d 710; In re V.H., 197 Ill.App.3d 52, 143 Ill.Dec. 751, 554 N.E.2d 686.

V. Subject Matter Jurisdiction
DCFS next contends that even if the order of the juvenile court did not violate the doctrine of sovereign immunity, the court nonetheless was without subject matter jurisdiction to enter the orders. DCFS argues that the juvenile court's subject matter jurisdiction is limited by the Juvenile Court Act, and that under that Act, the juvenile court is not empowered to dictate what methods DCFS may use in conducting its investigation.
Subject matter jurisdiction refers to the powers of the court to decide the general question involved in the case, as well as the power of the court to grant the particular relief requested. In re M.M., 156 Ill.2d 53, 64, 189 Ill.Dec. 1, 619 N.E.2d 702 (1993). When the court acts beyond that power, its ruling is void. People ex rel. Rice v. Appellate Court, 48 Ill.2d 195, 197, 268 N.E.2d 420 (1971).
When our legislature, through statutory enactment, creates rights and duties which have no counterpart in common law or equity, the legislature creates a "Justiciable matter" which the courts then have the power to adjudicate. In re M.M., 156 Ill.2d 53, 65, 189 Ill.Dec. 1, 619 N.E.2d 702 (1993). In cases where the court is conferred power to adjudicate by virtue of a statute, the court's jurisdiction is strictly limited by the statute. In re M.M., 156 Ill.2d at 66, 189 Ill.Dec. 1, 619 N.E.2d 702; See also In re P.F., 265 Ill.App.3d 1092, 202 Ill.Dec. 848, 638 N.E.2d 716 (1994); In re Ardedia L., 249 Ill.App.3d 35, 188 Ill.Dec. 234, 618 N.E.2d 804 (1993); In re Peak, 59 Ill.App.3d 548, 16 Ill.Dec. 755, 375 N.E.2d 862 (1978). Juvenile court proceedings have been specifically identified by our supreme court as proceedings subject to the limitations of the Juvenile Court Act. In re M.M., 156 Ill.2d at 66, 189 Ill.Dec. 1, 619 N.E.2d 702.
In support of its claim, DCFS notes that section 2-18(4) of the Juvenile Court Act addresses the admissibility of previous statements made by minors and provides:
"(c) Previous statements made by the minor relating to any allegations of abuse or neglect shall be admissible in evidence. However, no such statement, if uncorroborated and not subject to cross-examination, shall be sufficient in itself to support a finding of abuse or neglect.
(d) There shall be a rebuttable presumption that a minor is competent to testify in abuse or neglect proceedings. The court shall determine how much weight to give to the minor's testimony, and may allow the minor to testify in chambers with only the court, the court reporter and the attorneys for the parties *667 present." 705 ILCS 405/2-18(4)(c) & (d) (West 1994).
DCFS argues that neither the provisions of the Juvenile Court Act cited above, which deal specifically with the use of statements made by minors during an investigation, nor any other provision of the Act specifically confers upon the Juvenile court an ability to compel the manner in which interviews are conducted. Moreover, DCFS argues that the concerns identified by the Juvenile Court in support of requiring the videotaping are already provided for within the sections of the statute cited above. That is, DCFS argues that the videotaping of the children's interviews represents an unnecessary redundancy since, as per subsections (4)(c) & (d) of section 2-18, a minor's previous statements, videotaped or not, are alone insufficient to support a finding of abuse or neglect and the court is charged with determining the child's credibility based upon their testimony at the hearing.
The appellees respond by arguing that the trial court's orders were permissible as an exercise of its broad discretion to direct discovery. Appellees contend that once DCFS brought this matter before the juvenile court by filing a petition for wardship, the court was vested with the power, pursuant to Supreme Court Rule 201(c), to direct or condition the discovery process. In fact, this is the basis cited by the circuit court in its July 7, 1995, order denying DCFS's motion for reconsideration.
The reasoning relied upon by the circuit court, and the appellees on appeal, is unavailing. Section 2-18(1) of the Juvenile Court Act does indicate that the "rules of evidence in the nature of civil proceedings in this State are applicable to proceedings under this Article". 705 ILCS 405/2-18 (West 1994). Whether a party is entitled to discovery under the Supreme Court Rules in juvenile court proceedings is subject to the discretion of the trial court. In re Interest of F.B., 206 Ill.App.3d 140, 153, 151 Ill.Dec. 196, 564 N.E.2d 173 (1990). In the present case, even if the trial court did not abuse its discretion in applying the Supreme Court Rules of discovery, Rule 201 does not provide authority for the orders in question. Supreme Court Rule 201(c), which governs the discovery process, provides:
"(1) Protective Orders. The court may at any time on its own initiative, or on motion of any party or witness, make a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression.
(2) Supervision of Discovery. Upon the motion of any party or witness, on notice to all parties, or on its own initiative without notice, the court may supervise all or any part of any discovery procedure." 155 Ill.2d R. 201(c)(1) & (2) (1996).
Appellees identify the broad powers conferred upon the trial court in section (c) as authority for the trial court's actions. However, the powers of the trial court identified above must be viewed in context and in light of the intended scope of discovery. Section (b) of Rule 201 provides, inter alia:
"(b) Scope of Discovery
(1) Full Disclosure required. Except as provided in these rules, a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking disclosure or of any other party, including the existence, description, nature, custody, condition, and location of any documents or tangible things * * *. The word `documents', as used in these rules, includes, but is not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, communications and all retrievable information in computer storage." (emphasis added) 155 Ill.2d R. 201(b)
Clearly, the powers discussed in section (c) are limited to the scope of discovery identified in section (b). Section (b) indicates that the scope of discovery is limited to "documents or tangible things", obviously referring to things in existence. Appellees would have us read section (c) in isolation from section (b) so as to permit the trial court to order a party to create previously non-existent documents so that they might be subject to discovery.
*668 In Mendelson v. Feingold, 69 Ill.App.3d 227, 25 Ill.Dec. 707, 387 N.E.2d 363 (1979) this court discussed the limitations of discovery and stated:
"Pursuant to the Civil Practice Act [citation] discovery in civil cases in Illinois is governed by the rules of the supreme court, which apply uniformly to medical malpractice and all other types of civil actions. Supreme court rules 201 through 219 [citations] describe the methods by which relevant information may be obtained in a pending action, by depositions, interrogatories, discovery or inspection of documents or property and physical or mental examinations or persons. * * * None of the rules regulating discovery, however, authorizes the court to require a party to provide a witness, furnish a document or fashion some object (none of which exist) for the benefit of an adverse party." Mendelson v. Feingold, 69 Ill.App.3d at 232, 25 Ill.Dec. 707, 387 N.E.2d 363.
We know of no interpretation of Rule 201, and appellees have cited none, which would allow the court to require a party to create documents or records for discovery. Moreover, even if Rule 201 could be construed so as to permit the trial court to impose such a requirement in other situations, the court's jurisdiction in the present action was strictly limited to the powers conferred in the Juvenile Court Act, and the application of the civil rules of evidence and discovery contemplated by section 2-18 does not permit the expansion of the authority at issue.
On June 7, 1995, the Cook County State's Attorney filed a petition in the circuit court for adjudication of the wardship of M.V., R.V. and J.V. pursuant to section 2-13 of the Juvenile Court Act. 705 ILCS 405/2-13 (West 1994). DCFS had a statutory duty to conduct an investigation of alleged abuse under the Reporting Act. This duty was unrelated to the initiation of proceedings under the Juvenile Court Act and was triggered by reports filed pursuant to section 5/4 (325 ILCS 5/4 (West 1994)) of the Reporting Act. On June 8, 1995, the trial court expanded its previous order, which required the preservation of notes and records prepared by hospital staff and DCFS, to further provide that DCFS had to videotape any subsequent interviews of the children which related to the allegations of sexual abuse. By requiring DCFS to videotape all interviews with the children, the court was in essence dictating how DCFS was to carry out its statutory duty, an imposition not allowed by the courts of this state in similar circumstances. See In re M.M., 156 Ill.2d 53, 189 Ill.Dec. 1, 619 N.E.2d 702 (1993) (Juvenile court without jurisdiction to impose conditions on consent to adoption not indicated in statute); In re Ardedia L., 249 Ill.App.3d 35, 188 Ill.Dec. 234, 618 N.E.2d 804 (1993); In re K.S., 264 Ill.App.3d 963, 202 Ill.Dec. 427, 637 N.E.2d 1163 (1994) (Juvenile court without jurisdiction to initiate, conduct, or facilitate the investigation into a ward's death); In re Petition of Owen, 54 Ill.2d 104, 295 N.E.2d 455 (1973) (order of juvenile court enjoining certain practices of Department of Corrections and ordering promulgation of regulations regarding use of certain disciplinary methods beyond authority of court); In re Washington, 65 Ill.2d 391, 3 Ill.Dec. 723, 359 N.E.2d 133 (1976) (juvenile court order proscribing procedures for care and discipline of wards at youth center impermissible extension of authority); In re Chiara C., 279 Ill.App.3d 761, 216 Ill.Dec. 344, 665 N.E.2d 404 (1996).
Pursuant to the Juvenile Court Act, the circuit court is empowered to conduct temporary custody and adjudicatory hearings and subsequently determine whether the minor is abused, neglected or dependent. 705 ILCS 405/2-10; 405/2-18; 405/2-21 (West 1994). However, nowhere in the Juvenile Court Act is the court conferred power to control DCFS's investigation of the alleged abuse, dependence or neglect.
Because the trial court acted beyond the scope of its authority under the Juvenile Court Act, we conclude that the trial court had no jurisdiction to enter orders compelling DCFS to videotape interviews with children conducted pursuant to its duties under section 5/7.4 of the Reporting Act (325 ILCS 5/7.4 (West 1994)). In light of our holding, we need not address DCFS's additional claim that the juvenile court is barred by the doctrine of separation of powers from compelling DCFS to videotape the subject interviews.
*669 For the foregoing reasons, the judgment of the circuit court is reversed as void.
Reversed.
HARTMAN, P.J., and SOUTH, J., concur.
NOTES
[1] No petition was filed regarding Michael as he had reached the age of majority.