COREAN JAMES, on Behalf of Helen Mims, a Minor, Plaintiff, v. DAVID MIMS, Defendant-Appellee (The Department of Public Aid, Appellant).

First District (5th Division)   No. 1—99—2384

Opinion filed September 29, 2000.

Richard A. Devine, State's Attorney, of Chicago (Robert J. Ruiz, Mary T. Donoghue, and Leonard N. Foster, Assistant State's Attorneys, of counsel), for appellant.

No brief filed for appellee.

JUSTICE ZWICK delivered the opinion of the court:

The Illinois Department of Public Aid (Department) appeals from an order of the circuit court directing it to refund to defendant, David Mims, $660.40 representing an overpayment of child support for defendant's minor daughter. On appeal, the Department asserts that the trial court lacked the requisite jurisdiction to order the refund,

rendering its order void. Although defendant has not filed a brief on appeal, we will consider the appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

The relevant facts, briefly summarized, indicate that in September 1996, plaintiff, Corean James, filed a complaint to establish that defendant was the father of her child, Helen, who was born in August 1994. In the complaint, plaintiff also sought child support from defendant. In January 1997, the trial court entered an order of parentage and support, establishing that defendant was Helen's father and ordering him to pay child support. The court also entered an order of withholding to secure child support payment from defendant's income. In accordance with the trial court's order, during the course of the next two years, the defendant's employer withheld funds from the defendant's wages and paid them to the State, which then disbursed them to the plaintiff, who had custody of the minor daughter.

In January 1999, on defendant's motion, the trial court ordered child support terminated because plaintiff had died. The court granted custody of Helen to defendant and ordered defendant's employer to stop withholding child support payments. Thereafter, the court conducted an account adjustment review, which established that there had been a support overpayment of $660.40, based upon tax intercepts which had been paid to the State, but not yet disbursed to the plaintiff. The trial court ordered the Department to refund the $660.40 overpayment to defendant.

On appeal, the Department challenges the jurisdiction of the trial court to order a refund to defendant. Specifically, the Department contends that defendant failed to file a complaint or petition naming the State as a party. The State was never joined in this action, and the State did not intervene in the action. The Department argues that because the State was never made a party to the action, the refund order was void for lack of personal jurisdiction. In addition, the State contends that the trial court lacked subject matter jurisdiction because claims seeking recovery from the State fall within the exclusive domain of the Court of Claims.

The Illinois Public Aid Code provides that any final decision of the Department regarding tax refund intercepts shall be reviewed only under and in accordance with the provisions of the Administrative Review Law (Act) (735 ILCS 5/3—101 *et seq.* (West 1998). 305 ILCS 5/10—17.3, 10—17.5 (West 1998). Where the Act is expressly adopted, it is the exclusive method of review. *Mandeville v. Trucano*, 225 Ill. App. 3d 505, 507 (1992). The failure to commence an administrative review action, where required, is jurisdictional, and the trial court

does not have subject-matter jurisdiction to act. *Mandeville*, 225 Ill. App. 3d at 508.

Furthermore, the Court of Claims exercises exclusive jurisdiction to hear "[a]ll claims against the State founded upon any law of the State of Illinois or upon any regulation adopted thereunder by an executive or administrative officer or agency." 705 ILCS 505/8(a) (West 1998). A claim will be found to be against the State where a judgment for the plaintiff could subject the State to liability or control the actions of the State. *Aurora National Bank v. Simpson*, 118 Ill. App. 3d 392, 397 (1983). Where a party seeks a monetary judgment against an agency payable out of State funds, the proper forum is the Court of Claims. *Campbell v. Department of Public Aid*, 61 Ill. 2d 1, 5 (1975); *Aurora National Bank*, 118 Ill. App. 3d at 397.

In the instant case, the trial court's order requiring the Department to refund the $660.40 support overpayment previously withheld from defendant's wages constituted a monetary judgment against the State. We must agree that the statutory mandates set forth above compel the conclusion that the circuit court lacked subject matter jurisdiction to order the refund of $660.40. The Court of Claims is the proper forum in which to pursue the defendant's right to reimbursement of support overpayments.

Accordingly, we must reverse the refund order of the circuit court. Yet, we do so with extreme regret in light of the facts of this case. The State has never challenged the trial court's authority to conduct the account adjustment review or to assess the overpayment. It is apparently undisputed that the defendant is entitled to the $660.40 refund ordered by the trial court. On this record, it is manifestly clear that the State is obligated to refund the $660.40 overpayment to the defendant and should do so voluntarily without requiring him to take any further action.

The $660.40 sum at issue constituted funds withheld from the defendant for support of his child. The State has no right to this money. Rather, it acts as an enforcement agent for the minor child, for whom the money is held in trust. The money withheld for a child's benefit should actually be used to that end. It would be distinctly unfortunate if the State were to force the defendant, or any citizen of this state, to initiate an entirely new legal proceeding in an admittedly overburdened judicial system in order to recover on a claim which is not in dispute, especially where the State has no colorable argument that it is entitled to retain the support overpayment. The conclusion we are forced to reach today has the unhappy and unintended result of rewarding the State for its failure to treat all of its citizens with fairness and dignity. We can only hope that this decision will not invite similar conduct in

the future. Thus, we reach this decision with uneasy reluctance, finding it to be legally correct, but certainly not just.

In light of our decision that the trial court lacked subject matter jurisdiction, we need not address the State's argument that the court lacked personal jurisdiction over it.

For the foregoing reasons, the judgment of the circuit court is reversed.

Reversed.

CAMPBELL, P.J., and O'BRIEN, J., concur.