ROSALIND MEYER, Plaintiff-Appellant, v. THE DEPARTMENT OF PUBLIC AID, n/k/a The Department of Healthcare and Family Services, *et al.*, Defendants-Appellees.

Third District    No. 3—07—0684

Opinion filed June 18, 2009.

McDADE, J., specially concurring.
HOLDRIDGE, J., concurring in part and dissenting in part.

Emmanuel F. Guyon, of Streator, for appellant.

Michael Gulo, of M.G. Gulo & Associates, Ltd., of Streator, for appellee Streator Home Building and Loan Association.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Janon E. Fabiano, Assistant Attorney General, of counsel), for appellee Department of Public Aid.

JUSTICE SCHMIDT delivered the opinion of the court:

The plaintiff, Rosalind Meyer, filed a two-count complaint against the defendants, the Illinois Department of Public Aid (Department) and Streator Home Building and Loan Association (Streator), arguing that: (1) the Department should partially reimburse her for her expenses in maintaining and selling the property on which it held a lien; and (2) Streator breached its fiduciary duty to the plaintiff when it unilaterally disbursed money held in escrow to satisfy the Department's lien. The plaintiff later filed a motion for leave to file the complaint against the Department as a class action suit. The defendants each filed motions to dismiss the complaint, and the circuit court granted their motions, finding that it did not have subject mat-

ter jurisdiction for the claim against the Department and that the claim against Streator was not ripe. The plaintiff appeals, arguing that: (1) the circuit court had subject matter jurisdiction for the claim against the Department; (2) the Department was obligated to reimburse her for her expenses in preserving and selling the property on which it held a lien; (3) Streator breached its fiduciary duty to the plaintiff by conversion when it unilaterally disbursed money held in escrow to satisfy the Department's lien; and (4) if the matter is reversed against the Department, the action against it should be certified as a class action and she should be the class representative. We affirm and remand.

## FACTS

On June 26, 2007, the plaintiff filed a two-count complaint against the defendants, arguing that: (1) the Department should partially reimburse her for her expenses in maintaining and selling the property on which it held a lien; and (2) Streator breached its fiduciary duty to the plaintiff by conversion when it unilaterally disbursed money held in escrow to satisfy the Department's lien.

The plaintiff inherited her mother's house when her mother died on April 20, 2005. The Department claimed a lien for $13,072.39 on the house because it provided the plaintiff's mother with public aid during her lifetime.

The plaintiff attempted to sell the house from April 20, 2005, to March 23, 2007, the date of the sale. She alleged that she expended $2,732.04 to maintain the property and $2,692.25 in closing costs. The Department did not contribute any money for the maintenance or sale of the property.

The plaintiff sold the house to a purchaser who funded the purchase with a mortgage from Streator. The plaintiff alleged that she notified Streator at the closing that she intended to seek a contribution from the Department for the expenses she incurred in maintaining and selling the house. She requested that Streator not disburse the money until the dispute between her and the Department was resolved, and she alleged that Streator entered into a fiduciary relationship with her when it agreed to hold the money. The "Statement of Sale" attached to the complaint stated, "State of Illinois disbursement may be subject to a lesser amount, if so, balance to seller would increase by that difference."

The plaintiff further alleged that she kept Streator advised of her negotiations with the Department between March 23, 2007, and June 7, 2007. However, on June 7, Streator, without her consent, sent the Department $13,072.39, the amount of its claimed lien. Streator sent the plaintiff the balance of the money that it held.

On July 17, 2007, both defendants filed motions to dismiss. The Department argued that the circuit court lacked subject matter jurisdiction to hear the claim against it because the plaintiff sought a monetary judgment against the State and such claims must be brought in the Court of Claims. Streator argued that the complaint failed to state a cause of action because it, as lender in a real estate transaction, had no fiduciary obligation to the plaintiff, as seller in that transaction.

On August 24, 2007, the plaintiff filed a motion for leave to file the complaint against the Department as a class action. The plaintiff believed that there were many individuals who, like her, sought reimbursement from the Department for expenses incurred while maintaining an asset on which the Department held a lien for benefits given to an aid recipient.

On August 27, 2007, the circuit court held a hearing on the defendants' motions. The circuit court dismissed the plaintiff's claim against the Department with prejudice for lack of subject matter jurisdiction under the doctrine of sovereign immunity. The circuit court dismissed the claim against Streator without prejudice, finding that it was not ripe for adjudication because it was dependent on the outcome of the dispute between the plaintiff and the Department.

The plaintiff appeals.

## ANALYSIS

### I. Claim Against the Department

On appeal, the plaintiff first argues that the circuit court had subject matter jurisdiction to hear her claim against the Department.

The Illinois Constitution of 1970 abolished sovereign immunity but gave the legislature the authority to reinstate it. Ill. Const. 1970, art. XIII, §4. Pursuant to this authority, the legislature enacted the State Lawsuit Immunity Act, which provides that the State shall not be made a party in any court except as provided in the Court of Claims Act (705 ILCS 501/1 *et seq.* (West 2006)), the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West 2006)), and the State Officials and Employees Ethics Act (5 ILCS 430/1—1 *et seq.* (West 2006)). 745 ILCS 5/1 (West 2006). The Court of Claims has exclusive jurisdiction to hear and determine any claim against the state "founded upon any law of the State of Illinois." 705 ILCS 505/8(a) (West 2006).

Sovereign immunity of the State extends to suits against a state agency or department and when it applies, the circuit court lacks jurisdiction to hear the claim. *Walker v. Rogers*, 272 Ill. App. 3d 86, 650 N.E.2d 272 (1995). "The determination of whether an action is a suit against the State, and thus one that must be brought in the Court

of Claims, turns upon an analysis of the issues involved and the relief sought, rather than the formal designation of the parties." *Walker*, 272 Ill. App. 3d at 88, 650 N.E.2d at 273-74. An action is against the State when a "judgment for the plaintiff could operate to control the actions of the State or subject it to liability." *Currie v. Lao*, 148 Ill. 2d 151, 158, 592 N.E.2d 977, 980 (1992). A party seeking a monetary judgment against an agency payable out of state funds must bring its action in the Court of Claims. *James v. Mims*, 316 Ill. App. 3d 1179, 738 N.E.2d 213 (2000).

◼ In the present case, the plaintiff clearly seeks a monetary judgment against the Department. She argues that she is entitled to a partial reimbursement from the Department for her expenses in maintaining and selling her mother's house. See *James*, 316 Ill. App. 3d 1179, 738 N.E.2d 213 (finding that the circuit court lacked subject matter jurisdiction under the doctrine of sovereign immunity to order the Department of Public Aid to refund a support overpayment previously withheld from the defendant's wages because it constituted a monetary judgment against the State; the defendant had to pursue his claim in the Court of Claims, even though he was clearly entitled to the money and the State had no right to it); see also *Children's Memorial Hospital v. Mueller*, 141 Ill. App. 3d 951, 491 N.E.2d 103 (1986) (finding that the circuit court lacked subject matter jurisdiction under the doctrine of sovereign immunity for the plaintiff's declaratory judgment action against the Department of Children and Family Services (DCFS) to determine whether it was liable for services provided to the defendants' children and the defendants' third-party action against DCFS for indemnification because each claim sought a monetary judgment against DCFS). Therefore, the circuit court lacked jurisdiction to hear her claim, and the Court of Claims is the proper forum for her to pursue her claim.

Because we find that the circuit court properly dismissed the plaintiff's claim against the Department for lack of subject matter jurisdiction, we cannot address the plaintiff's class action arguments on appeal. See *Swope v. Northern Illinois Gas Co.*, 221 Ill. App. 3d 241, 243, 581 N.E.2d 819, 821 (1991) ("When a trial court lacks subject-matter jurisdiction, the only thing it has the power to do is dismiss the action").

## II. Claim Against Streator

◼ The plaintiff also argues on appeal that the circuit court erred in finding that her claim against Streator was not ripe for adjudication. The plaintiff alleged that Streator breached its fiduciary duty to the plaintiff by conversion when it unilaterally disbursed money held

in escrow to satisfy the Department's lien because she claimed a right to some of the disbursed money. Plaintiff insists that the issue is ripe.

We find that the claim against Streator for conversion was ripe for adjudication, as it was not dependent on the outcome of the claim against the Department. See *Preferred Personnel Services, Inc. v. Meltzer, Purtill, & Stelle, LLC*, 387 Ill. App. 3d 933, 902 N.E.2d 146 (2009) (stating that a claim is ripe for adjudication when an actual controversy exists and it is fit for judicial determination at that point in time). In essence, plaintiff claims that Streator stole her money and gave it to the Department. The fact that Streator gave the allegedly converted money to the Department is irrelevant to the conversion claim.

We further find that the plaintiff's claim against Streator was properly dismissed. See *McCready v. Secretary of State*, 382 Ill. App. 3d 789, 888 N.E.2d 702 (2008) (stating that an appellate court reviews *de novo* the dismissal of a complaint pursuant to a motion to dismiss and that it may affirm the dismissal of a complaint on any grounds in the record). To prove the tort of conversion, a plaintiff must establish that he or she: (1) had a right to the converted property; (2) had an absolute and unconditional right to its immediate possession; (3) demanded its possession from the defendant; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Cruthis v. Firstar Bank, N.A.*, 354 Ill. App. 3d 1122, 822 N.E.2d 454 (2004).

Plaintiff's complaint makes it clear that she had no right to the money disbursed by Streator to satisfy the Department's lien. The plaintiff could not recover the money she expended to preserve and sell the property from the money disbursed by Streator because the Department had no obligation to expend money to preserve its lien or reimburse her for the money she expended. Section 3—10.5 of the Illinois Public Aid Code (the Code) provides:

> "Payment to preserve lien. To protect the lien of the State for reimbursement of aid paid under this Article, the Illinois Department *may*, from funds which are available for that purpose, pay or provide for the payment of necessary or essential repairs, purchase tax certificates, pay balances due on land contracts, or pay or cause to be satisfied any prior liens on the property to which the lien hereunder applies." (Emphasis added.) 305 ILCS 5/3—10.5 (West 2006).

The plain language of section 3—10.5 of the Code permits, but does not require, the Department to expend money to preserve its lien. Even if the Department paid monies to preserve its lien, the Department would be able to recover its payments because it has a lien against an aid recipient's interest in real property for the aid it has

disbursed as well as any payments made to preserve the lien pursuant to section 3—10.5 of the Code. 305 ILCS 5/3—10 (West 2006). That is, had the Department contributed to plaintiff's expenses, its lien would be increased by any amount contributed. The same would be true of any closing costs advanced.

Streator did not convert "plaintiff's" money held in escrow. Plaintiff had no right to that money. The partial dissent believes that the complaint should be spared our guillotine to die the death of a thousand cuts in the trial court, while the parties incur legal expenses. One can almost hear Justice Cardozo lamenting the evil of delayed justice. We find plaintiff's lawsuit against Streator to be frivolous. Plaintiff has no right to use a meritless lawsuit as a negotiating tool. We remand this matter to the trial court to enter an order dismissing the claim against Streator on its merits.

From a commonsense standpoint, if plaintiff's expenditures increased the value of the property, she has benefitted. Any increase in value would be a part of the amount she received after satisfaction of the Department's lien.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed and the cause is remanded for entry of an order dismissing plaintiff's cause of action against Streator on its merits.

Affirmed and remanded.

JUSTICE McDADE, specially concurring:

I concur with the analysis and the judgment but do not join in any comments regarding guillotine, death of a thousand cuts and specula-tion about how Justice Cardozo would respond to the dissent.

JUSTICE HOLDRIDGE, concurring in part and dissenting in part:

I agree with affirming the trial court's dismissal of the complaint against the Department for lack of jurisdiction. I also agree with the majority's finding that the claim against Streator was ripe for adjudica-tion. I disagree, however, with affirming the dismissal of the complaint against Streator. I believe that the complaint against Streator would survive dismissal at this stage, and I would remand for further action on that complaint.

Meyer's complaint against Streator alleged that Streator held certain funds in escrow for the benefit of Meyer and Gonzalez, owed a fiduciary duty to each not to disburse those funds until authorized to

do so, and breached that duty by disbursing the funds to the State. Streator moved to dismiss the complaint for failure to state a cause of action. A motion to dismiss for failure to state a claim admits not only facts alleged in the complaint, but all reasonable inferences that can be drawn therefrom. *Weinberger v. Bell Federal Savings & Loan Ass'n,* 262 Ill. App. 3d 1047, 1049-50 (1994). Further, a cause of action should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts can be proved which would entitle the plaintiff to recover. *Krautstrunk v. Chicago Housing Authority,* 95 Ill. App. 3d 529 (1981). To state a claim for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary duty; (2) the defendant's breach of that duty; and (3) damages that were proximately caused by that breach. *DOD Technologies v. Mesirow Insurance Services, Inc.,* 381 Ill. App. 3d 1042 (2008).

Here, the complaint alleged facts that, along with reasonable inferences, would state a claim for breach of fiduciary duty. Plaintiff alleged the existence of a fiduciary duty in that Streator allegedly held the funds in escrow. An inference is raised in the pleading that Streator was to hold those funds until instructed by the plaintiff to disburse the funds. The complaint also alleged that Streator, in violation of its fiduciary duty, released the funds. As to damages caused by the alleged breach of fiduciary duty, the majority maintains that there could be no set of facts or inferences under which plaintiff could prove that plaintiff would be entitled to recover. I disagree. The very reason for placing the funds in escrow appears to have been to allow plaintiff the time to negotiate with the Department over the amount sufficient to settle the lien. By paying the full lien amount without instruction from plaintiff, Streator may have damaged plaintiff's position in those negotiations. At this stage of the pleadings, I would see no reason why the complaint should not survive a motion on the pleadings. I would remand for Streator to answer the complaint. I respectfully dissent from that portion of the order affirming the dismissal of the count against Streator.