# Illinois Official Reports

## Supreme Court

---

### *In re Marriage of Eckersall*, 2015 IL 117922

---

| | |
|---|---|
| Caption in Supreme Court: | *In re* MARRIAGE OF RAYMOND A. ECKERSALL III, Appellee, and CATHERINE ECKERSALL, Appellant. |
| Docket No. | 117922 |
| Filed | January 23, 2015 |
| Modified upon denial of rehearing | March 23, 2015 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. William S. Boyd, Judge, presiding. |
| Judgment | Appeal dismissed. Appellate court judgment vacated. |
| Counsel on Appeal | Pamela Hutul, Benton Page and Errol Zavett, of Davis Friedman, LLP, of Chicago, for appellant. |
| | Tracy M. Rizzo, of Law Offices of Tracy M. Rizzo, P.C., of Chicago, for appellee. |
| | Gregg Flitcraft, of Olson, Grabill & Flitcraft, and Howard P. Rosenberg, of Law Offices of Howard Rosenberg, all of Northbrook, child representative. |
| | Michael G. DiDomenico, of Lake Toback, and Paul L. Feinstein, all of Chicago, for *amicus curiae* Illinois Chapter of the American Academy of Matrimonial Lawyers. |

Justices            JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1       This appeal arises from an interlocutory order entered during a proceeding to dissolve the marriage of Raymond and Catherine Eckersall. That order restricted the parties' dealings and communication with their children during the dissolution of marriage proceeding. The appellate court dismissed the appeal for lack of jurisdiction, finding that the interim order was not an injunction and thus not appealable pursuant to Illinois Supreme Court Rule 307(a) (eff. Feb. 26, 2010). 2014 IL App (1st) 132223. This court allowed Catherine's petition for leave to appeal (Ill. S. Ct. R. 315(a) (eff. July 1, 2013)). For the following reasons, we dismiss the appeal as moot.

¶ 2                             BACKGROUND

¶ 3       Raymond filed a petition for dissolution of marriage to Catherine in the circuit court of Cook County on February 25, 2013. The petition included a request for joint custody of the couple's three children who were then ages 13, 10 and 8. By agreement of the parties, the circuit court appointed attorney Howard Rosenberg to represent the children pursuant to section 506(a)(3) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/506(a)(3) (West 2012)). On March 21, 2013, Raymond filed a petition to set a temporary parenting schedule, stating that he and Catherine had been unable to reach an agreement on visitation. The court set the matter for a hearing on June 24, 2013, at which time "[t]he parties shall enter a parenting order (enjoining discussion of court/case related issues with the children)." On that date, the matter was continued to July 10, 2013, "for the entry of a custody/visitation injunctive order." That order further provided that "[i]f the parties cannot reach an agreement on the terms of said order, the court shall set the terms."

¶ 4       At the July 10, 2013, hearing, Rosenberg informed the court that the parties had agreed on a visitation schedule, but had failed to agree on the terms and conditions of visitation. Rosenberg presented the court with a proposed "form" order that he referred to as a "prophylactic" order. Catherine objected to the order as a whole on the basis that it infringed on her right to parent and communicate with her children. The court entered the order that day over Catherine's objection.

¶ 5       The July 10, 2013, order, which is at issue here, was entitled "Custody/Visitation Injunction Order." The order "restrain[ed] and enjoin[ed]" the parties from: (1) beating, striking, threatening or in any way interfering with the personal liberty of the children; (2) discussing any aspect of the pending litigation in the presence of the children, including custody, visitation, support, grounds for dissolution, monetary/financial information and court dates; (3) questioning and/or discussing with the children their preferences as to custody and/or visitation; (4) questioning, discussing, rehearsing, and/or coaching the minor children with regard to court testimony, interviews with the court, mediators, interveners, attorneys,

investigators, social workers, or any other person related to the dissolution proceeding; (5) questioning, discussing, examining and/or interrogating the children with regard to the conduct, habits, social activities, monetary expenditures and purchases of the other party; (6) engaging in all forms of audio and/or video recording or any other form of electronic surveillance of the other party and/or of the children; (7) using or consuming alcohol and/or nonprescription drugs while in the presence of the children; (8) permitting and/or allowing an unrelated member of the opposite sex to reside on an overnight basis in a party's residence while the children are present; and (9) criticizing, demeaning, disparaging and/or placing either party in a negative light. The order also prohibited either party from using corporal punishment in disciplining the children or from removing the children from the state without written consent from the other party or by court order.

¶ 6   Catherine filed a notice of interlocutory appeal on July 16, 2013, pursuant to Rule 307(a)(1).[1] Neither Raymond nor the children's representative filed a brief, and the appellate court decided the appeal solely on Catherine's brief. A divided panel of the appellate court did not address Catherine's substantive issues and dismissed the appeal for lack of jurisdiction, finding that the order was not an injunction and not appealable under Rule 307(a)(1). 2014 IL App (1st) 132223, ¶ 31. The dissent concluded that the order was a "broad-ranging" injunction, which the court had jurisdiction to review pursuant to Rule 307(a)(1), and that it was defective on both procedural and substantive grounds. *Id*. ¶ 34 (Mason, J., dissenting). The appellate court filed its opinion on May 28, 2014. Shortly thereafter, on June 9, 2014, the circuit court entered an order finalizing the parties' dissolution of marriage proceedings.[2]

¶ 7   We granted Catherine's petition for leave to appeal (Ill. S. Ct. R. 315(a) (eff. July 1, 2013)) on July 24, 2014, and also allowed the Illinois Chapter of the American Academy of Matrimonial Lawyers to file an *amicus curiae* brief in support of Catherine (Ill. S. Ct. R. 345 (eff. Sept. 20, 2010)).

¶ 8                                    ANALYSIS

¶ 9   Initially, we address whether the circuit court's June 9, 2014, final order rendered this appeal moot and whether an exception to the mootness doctrine applies. An appeal is moot if "no actual controversy exists or if events have occurred that make it impossible for the reviewing court to grant the complaining party effectual relief." *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287, 291 (2005). We will not review cases " 'merely to establish a precedent or guide future litigation.' " *In re Marriage of Donald B.*, 2014 IL 115463, ¶ 23 (quoting *Madison Park Bank v. Zagel*, 91 Ill. 2d 231, 235 (1982)).

¶ 10   The parties agree, as do we, that the case is moot. The circuit court entered an order finalizing the parties' divorce on June 9, 2014, which superseded the July 10, 2013, order. Therefore, the prior order is no longer in effect. We cannot now grant Catherine any relief in this case.

---

[1]Although the notice of appeal did not specify that it was brought pursuant to Rule 307(a)(1), Catherine argued that the appeal was brought pursuant to that rule.

[2]The record on appeal does not contain the order finalizing the parties' divorce. Nevertheless, Raymond's brief states that the order was entered on June 9, 2014, and Catherine does not dispute this.

¶ 11	Nevertheless, Catherine urges this court to apply the public interest exception and address the merits of her appeal. The public interest exception applies when: (1) the question presented is of a substantial public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question. *Felzak v. Hruby*, 226 Ill. 2d 382, 393 (2007). The exception is narrowly construed and requires a clear showing of each criterion. *In re Adoption of Walgreen*, 186 Ill. 2d 362, 365 (1999).

¶ 12	Catherine does not specifically address each of these factors, but merely contends that "issues involving minors or constitutional concerns are considered important public concerns worthy of the application of the public interest exception," relying on *In re A Minor*, 127 Ill. 2d 247 (1989), and *In re R.V.*, 288 Ill. App. 3d 860 (1997).

¶ 13	In their *amicus* brief, the Illinois Chapter of the American Academy of Matrimonial Lawyers urges us to apply the public interest exception to reach the preliminary question of whether the circuit court's July 10, 2013, order constitutes an appealable injunction under Rule 307.

¶ 14	In contrast, Raymond contends that the public interest exception does not apply because the exception's three factors have not been met. In support, he raises the following arguments: the circuit court's use of a "form" interim order in dissolution of marriage proceedings does not present a question of "substantial public nature"; there is no conflict in the application of these types of orders and therefore no need for an authoritative determination for future guidance of public officers; and, there is not a likelihood the question will recur in the future.

¶ 15	We now consider each factor. The first factor, whether the issue is one of substantial public interest, has not been met. Although Catherine argues that the "form" order at issue here, as well as similar orders, are entered "all the time," it appears that these types of orders are generally only used in dissolution of marriage proceedings in Cook County and only when the parties cannot agree on the terms and conditions of visitation. As we have previously held, the public nature criterion is only satisfied when it has been clearly established that the issue is of "sufficient breadth, or has a significant effect on the public as a whole." *Felzak*, 226 Ill. 2d at 393 (declining to apply the exception to consider a grandparent's attempt to require visitation with a grandchild who had achieved the age of majority). This type of "form" order has a limited application to a small group of people and does not significantly affect the public as a whole. Therefore, this issue falls short of meeting the public nature criterion.

¶ 16	The second factor, whether there is a need for an authoritative determination for the future guidance of public officers, also has not been met. We have not found, and the parties have not cited, any conflicting precedents that would require us to issue an advisory opinion to make an authoritative resolution of the issue. See *Marriage of Peters-Farrell*, 216 Ill. 2d at 292; *Adoption of Walgreen*, 186 Ill. 2d at 365-66; *J.B.*, 204 Ill. 2d at 388; *Marriage of Donald B.*, 2014 IL 115463, ¶ 36. Additionally, the third factor, whether there is a likelihood of future recurrence of the question, has not been met as well. There is not a likelihood of recurrence, as evidenced by the lack of litigation regarding the issue in the past. See *id.* Since there has not been a clear showing of each criterion, the public interest exception does not apply here.

¶ 17	This case is distinguishable from *In re A Minor* and *In re R.V. In re A Minor* concerned a court's order that prohibited a newspaper from publishing the name of a minor who was the subject of a criminal proceeding. There, the court had relied on a provision in the Juvenile

- 4 -

Court Act of 1987 to support its ruling. We determined that the public interest exception applied because the State's interest in protecting the minor's physical safety and the newspaper's interest in the publication of newsworthy information were both of "surpassing" public concern. *A Minor*, 127 Ill. 2d at 257. Additionally, we found that it was desirable to guide circuit court judges regarding the constitutionality of the provision in the Juvenile Court Act of 1987, which could apply in any juvenile proceeding. *Id*. Further, we noted that since the issue had arisen in the past, it was "almost certain" to recur in the future. *Id*.

¶ 18    *In re R.V.* concerned a court's order that required the Department of Children and Family Services (DCFS) to videotape all interviews of the children involved in the case. The appellate court considered the application of the public interest exception as well as the exception involving issues that are capable of repetition yet evade review. Regarding the public interest exception, the court only discussed the first factor, finding that the State's interest in protecting neglected or abused children and DCFS's interest in being able to conduct investigations without judicial interference were both of public concern. *R.V.*, 288 Ill. App. 3d at 865.

¶ 19    Here, in contrast to *In re A Minor* and *In re R.V.*, the order entered in this case is not of public concern. Issues that arise in dissolution of marriage proceedings tend to be very fact specific and do not have broad-reaching implications beyond the particular dissolution of marriage proceedings. As stated above, this type of "form" order has a limited application and does not have a significant effect on the public as a whole.

¶ 20    Lastly, we address an issue raised in Catherine's petition for rehearing. She contends that since this court determined that her appeal is moot, the judgment of the appellate court and the circuit court's July 10, 2013, order should both be vacated. We partially agree. In *Felzak*, we stated that when an appeal is rendered moot and we do not reach the merits of the appeal, we cannot speak to the correctness of the judgments rendered by the circuit and appellate courts. *Felzak*, 226 Ill. 2d at 394. Thus, to preclude the lower courts' resolution of the issues from standing as precedent for future cases, the lower courts' judgments should be vacated. *Id.* Here, we agree that the appellate court's judgment should be vacated. However, regarding the circuit court's July 10, 2013, order, that order was superseded by the circuit court's order finalizing the parties' dissolution of marriage proceedings. As noted above, that order is no longer in effect. Therefore, there is no order to vacate.

¶ 21                                          CONCLUSION

¶ 22    Having determined that the question presented on appeal is moot and there being no reason to apply the public interest exception, we conclude that the petition for leave to appeal was improvidently granted. See *Marriage of Peters-Farrell*, 216 Ill. 2d at 291. We dismiss the appeal as moot and vacate the appellate court's judgment.

¶ 23    Appeal dismissed.

¶ 24    Appellate court judgment vacated.